# Case No. 16-1673

## *IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT*

---

### ERIC D. CLARKSON,

Appellant,

v.

### COMMISSIONER OF INTERNAL REVENUE,

Appellee.

---

ON APPEAL FROM THE DECISION OF
THE UNITED STATES TAX COURT
HON. MICHAEL B. THORNTON, JUDGE
(Tax Court Case No. 27236-15)

---

BRIEF OF APPELLANT CLARKSON
ORAL ARGUMENT NOT REQUESTED

---

Lowell H. Becraft, Jr.
Attorney for Appellant
403-C Andrew Jackson Way
Huntsville, Alabama 35801
256-533-2535
becraft@hiwaay.net

Dated: July 19, 2016

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Cases, Statutes and Other Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . ii

Jurisdictional Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Related Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A. Factual Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B. Proceedings in the Tax Court.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Issue 1: Did the Tax Court err in its decision entered on February 3, 2016?. . . . . . 8

Issue 2: Did the Tax Court plainly err in considering in its judgment the declaration of Thomas Deamus and the exhibits attached thereto?.. . . . . . . . . . . . . . . . . . . . . 19

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Vol. I Appendix attached.

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES

Cases:                                                                                    Page:

*Auto Drive-Away Co. Hialeah, Inc. v. I.C.C.*, 360 F.2d 446 (5th Cir. 1966). . . . . 29

*Automatic Radio Mfg. Co. v. Hazeltine Research Inc.*, 339 U.S. 827 (1950). . . . . 19

*Bracey v. Herringa*, 466 F.2d 702 (7th Cir. 1972). . . . . . . . . . . . . . . . . . . . . . . . . 28

*Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233 (5th Cir. 1988). . . . . . . . . . 27

*Capital Blue Cross v. CIR*, 431 F.3d 117 (3d Cir.2005).. . . . . . . . . . . . . . . . . . . . . 8

*Caviness v. Nucor-Yamato Steel Company*, 105 F.3d 1216 (8th Cir. 1997). . . . . 33

*Celanese Corp. of America v. Vandalia Warehouse Corp.*, 424 F.2d 1176 (7th Cir. 1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Chambers v. United States*, 357 F.2d 224 (8th Cir. 1966). . . . . . . . . . . . . . . . . . . 20

*Chapman v. United States*, 194 F.2d 974 (5th Cir. 1952). . . . . . . . . . . . . . . . . . . 27

*Clark v. City of Los Angeles*, 650 F.2d 1033 (9th Cir. 1981). . . . . . . . . . . . . . . . . 28

*Coleman v. CIR*, 94 T.C. 82 (1990).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Colorificio Italiano Max Meyer v. S/S Hellenic*, 419 F.2d 223 (5th Cir. 1969). . . 27

*Crawford v. Falcon Drilling Co., Inc.*, 131 F.3d 1120 (5th Cir. 1997). . . . . . . . . 33

*Crum v. CIR*, 635 F.2d 895 (D.C. Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662 (10th Cir. 1985). . . . . . . . . . . . . . 11

*Dilley v. Chesapeake & Ohio Railway Company*, 327 F.2d 249 (6th Cir. 1964).. 27

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). . . . . . . . . . 33

*Edwards v. CIR*, 791 F.3d 1 (D.C. Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . 1, 12

*Edwards v. United States*, 374 F.2d 24 (10th Cir. 1967). . . . . . . . . . . . . . . . . . . . 28

*Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957 (9th Cir. 1994). . . . . . 29

*Gatling v. Atlantic Richfield Co.*, 577 F.2d 185 (2nd Cir. 1978). . . . . . . . . . . . . . 21

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Hartzog v. United States*, 217 F.2d 706 (4th Cir. 1954).. . . . . . . . . . . . . . . . . . . . 27

*Hlinka v. Bethlehem Steel Corporation*, 863 F.2d 279 (3rd Cir. 1988). . . . . . . . . 26

*Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999). . . . . . 22

*Holof v. CIR*, 872 F.2d 50 (3rd Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hoston v. J.R. Watkins Co.*, 300 F.2d 869 (9th Cir. 1962). . . . . . . . . . . . . . . . . . . 20

*Hurd v. Williams*, 755 F.2d 306 (3d Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Inglett & Company v. Everglades Fert. Co.*, 255 F.2d 342 (5th Cir. 1958). . . . . . 20

*Jersey Cent. P. & L. Co. v. Lacey Township*, 772 F.2d 1103 (3rd Cir. 1985). . . . 21

*Jordan v. Binns*, 712 F.3d 1123 (7th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*King v. National Industries, Inc.*, 512 F.2d 29 (6th Cir. 1975). . . . . . . . . . . . . . . 21

*Klingman v. National Indemnity Company*, 317 F.2d 850 (7th Cir. 1963). . . . . . 29

*Knudsen v. CIR*, T.C. Memo. 2015-69. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Latman v. Burdette*, 366 F.3d 774 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . 22

*Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314 (3d Cir. 2014). . . . . . . . . . . . 12

*Magazine v. Commissioner*, 89 T.C. 321 (1987). . . . . . . . . . . . . . . . . . . . . . 16, 17

*Maldonado v. Ramirez*, 757 F.2d 48 (3rd Cir. 1985). . . . . . . . . . . . . . . . . . . . . . 26

*McPartlin v. CIR*, 653 F.2d 1185 (7th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mercantile National Bank at Dallas v. Franklin Life Insurance Co.*, 248 F.2d 57 (5th Cir. 1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Meyer v. CIR*, T.C. Memo. 2013-268. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Mulder v. CIR*, 855 F.2d 208 (5th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Mulvania v. CIR*, 769 F.2d 1376 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Noblett v. General Elec. Credit Corp.*, 400 F.2d 442 (10th Cir. 1968). . . . . . . . . 29

*Olympic Junior, Inc. v. David Crystal, Inc.*, 463 F.2d 1141 (3rd Cir. 1972). . . . . 25

*Omnipoint Comm. v. Common Council of City of Peekskill*, 202 F. Supp.2d 210 (S.D.N.Y. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*O'Rourke v. United States*, 587 F.3d 537 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . 13

*Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984). . . . . . . . . . . . 28

*Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477 (1943). . . . . . . . . . . . . . . . . . . . 27

*Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154 (11th Cir. 2004). . . . . . . . 29

*Pennsylvania Environmental Defense Foundation v. Canon-McMillan*, 152 F.3d 228 (3rd Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Picker X-Ray Corporation v. Frerker*, 405 F.2d 916 (8th Cir. 1969). . . . . . . . . . 28

*Pietanza v. CIR*, 92 T.C. 729 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Postscript Enterprises v. City of Bridgeton*, 905 F.2d 223 (8th Cir. 1990). . . . . . 22

*Powell v. CIR*, 958 F.2d 53 (4th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Robinson v. United States*, 920 F.2d 1157 (3rd Cir. 1990). . . . . . . . . . . . . . . . . . . 9

*Roszkos v. CIR*, 850 F.2d 514 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Scheerer v. Hardee's Food Sys., Inc.*, 92 F.3d 702 (8th Cir.1996). . . . . . . . . . . . 28

*Schiess-Froriep Corp. v. S.S. Finnsailor*, 574 F.2d 123 (2nd Cir. 1978). . . . . . . . 21

*Scott v. Edinburg*, 346 F.3d 752 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Sicker v. CIR*, 815 F.2d 1400 (11th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Terrell v. CIR*, 625 F.3d 254 (5th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Timberlake Constr. Co. v. U.S. Fid. & Guar. Co.*, 71 F.3d 335 (10th Cir.1995). . 29

*United States v. Arias-Izquierdo*, 449 F.3d 1168 (11th Cir. 2006). . . . . . . . . . . . 29

*United States v. Bennafield*, 287 F.3d 320 (4th Cir. 2002). . . . . . . . . . . . . . . . . . 32

*United States v. Bennett*, 472 F.3d 825 (11th Cir. 2006). . . . . . . . . . . . . . . . . . . . 32

*United States v. Betterton*, 417 F.3d 826 (8th Cir. 2005). . . . . . . . . . . . . . . . . . . 33

*United States v. Bohrer*, 807 F.2d 159 (10th Cir. 1986). . . . . . . . . . . . . . . . . . . . 28

*United States v. Bosurgi*, 530 F.2d 1105 (2nd Cir. 1976). . . . . . . . . . . . . . . . . . . 21

*United States v. Cesare*, 581 F.3d 206 (3rd Cir. 2009)... . . . . . . . . . . . . . . . . . 31, 32

*United States v. Dibble*, 429 F.2d 598 (9th Cir. 1970). . . . . . . . . . . . . . . . . . 24, 25

*United States v. Feliz*, 467 F.3d 227 (2nd Cir. 2006). . . . . . . . . . . . . . . . . . . . . . 27

*United States v. Fleck*, 413 F.3d 883 (8th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . 33

*United States v. Gore*, 154 F.3d 34 (2nd Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . 32

*United States v. McPartlin*, 595 F.2d 1321 (7th Cir. 1979). . . . . . . . . . . . . . . . . 28

*United States v. Miller*, 771 F.2d 1219 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . 28

*United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770 (1993). . . . . . . . . . . . . . . 30

*United States v. Parker*, 508 F.3d 434 (7th Cir. 2007). . . . . . . . . . . . . . . . . . . .  33

*United States v. Private Sanitation Industry Assoc. of Nassau/Suffolk, Inc.*, 44 F.3d 1082 (2d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Retos*, 25 F.3d 1220 (3rd Cir. 1994). . . . . . . . . . . . . . . . . . . . . . 32

*United States v. Smith*, 495 F.2d 668 (10th Cir. 1974). . . . . . . . . . . . . . . . . . . . . 20

*United States v. Stone*, 604 F.2d 922 (5th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . 27

*United States v. Tann*, 577 F.3d 533 (3rd Cir. 2009). . . . . . . . . . . . . . . . . . . . . . 31

*United States v. Thompson*, 422 F.3d 1285 (11th Cir. 2005). . . . . . . . . . . . . . . . 34

*United States v. Williams*, 661 F.2d 528 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . 27

*United States v. Zalapa*, 509 F.3d 1060 (9th Cir. 2007)... . . . . . . . . . . . . . . . . . . 34

*Walden v. Georgia-Pacific Corp.*, 126 F.3d 506 (3rd Cir. 1997). . . . . . . . . . . . 30

*Wallin v. CIR*, 744 F.2d 674 (9th Cir. 1984).. . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Weaver v. Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154 (4th Cir. 1993). . . . . 27

*Welch v. United States*, 678 F.3d 1371 (Fed. Cir. 2012). . . . . . . . . . . . . . . . 15, 16

*Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . 29

*Willco Kuwait (Trading) S.A.K. v. deSavary*, 843 F.2d 618 (1st Cir. 1988). . . . . 27

*Wyler v. United States*, 725 F.2d 156 (2d Cir. 1983). . . . . . . . . . . . . . . . . . . . . . 22

*Yung Jin Teung v. Dulles*, 229 F.2d 244 (2nd Cir. 1956). . . . . . . . . . . . . . . . . . . 27

Statutes and Regulations:

26 U.S.C. § 6212. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 8, 12

26 U.S.C. § 6213. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

26 U.S.C. § 7482. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

39 C.F.R. §111.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Rule 44, F.R.Civ.P... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24, 31

Rule 56, F.R.Civ.P... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 26

Rule 103, F.R.Evi... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29, 30

Rule 902, F.R.Evi... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24, 31

Rule 13, F.R.A.P... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## JURISDICTIONAL STATEMENT

When the Internal Revenue Service ("IRS") issues a notice of deficiency to a taxpayer, the U.S. Tax Court has jurisdiction over a case involving that matter. 26 U.S.C. §§ 6212 and 6213. A party against whom additional taxes have been assessed without having received a notice of deficiency may file a petition with the Tax Court to secure a determination that the requisite notice of deficiency had not been mailed to the taxpayer. See *Edwards v. CIR*, 791 F.3d 1 (D.C. Cir. 2015).

On October 28, 2015, Appellant Eric D. Clarkson ("Clarkson") filed a petition (Doc. 1; Appx. 9)[1] with the Tax Court seeking, in part, a determination that he had never been mailed notices of deficiencies for the years related to the tax liens filed against him. Ultimately on February 3, 2016, the Tax Court dismissed Clarkson's petition (Doc. 14; Appx. 1).  A party to Tax Court litigation may file a notice of appeal within 90 days of a final order in that court, and Clarkson's notice of appeal was timely filed on March 21, 2016 (Doc. 15; Appx. 6). Rule 13, F.R.A.P.

This appeal arises from a decision of the United States Tax Court. The order which is the basis for this appeal is a final order and it disposed of all claims of the

---

[1] The designation "Doc." refers to a particularly pleading as numbered on the Tax Court's docket sheet. The designation "Appx." refers to the Appendix filed herein and the page thereof being referenced. Vol. I of the Appendix contains pages 1 through 6. All references herein to pages in the Appendix after page 6 refers to Vol. II of the Appendix.

parties. This Court has appellate jurisdiction pursuant to 26 U.S.C. § 7482 (a)(1).

## STATEMENT OF THE ISSUES

**ISSUE 1: Did the Tax Court err in its decision entered on February 3, 2016?**

**Record References.**

No hearing was held in this case, and the evidence relevant to the Tax Court's decision are contained in two pleadings. The Commissioner moved to dismiss Clarkson's petition and offered a declaration of his own counsel, Thomas Deamus, that was supported by a large number of exhibits (Appx. 29-219). In opposition, Clarkson also offered a series of exhibits attached to his reply to the Commissioner's motion to dismiss (Appx. 220-253).

**ISSUE 2: Did the Tax Court plainly err in considering in its judgment the declaration of Thomas Deamus and the exhibits attached thereto?**

**Record References.**

This issue was not raised below as Clarkson simply failed to move to strike this declaration and the attached exhibits. This issue raises the plain error committed by the Tax Court's in considering plainly inadmissible documents.

## STATEMENT OF RELATED CASES

A case similar to this one is Daryl Maassen v. Commissioner of Internal Revenue, Case No. 16-1922, pending in the United States Court of Appeals for the Eighth

Circuit. Both counsel in that appeal are the counsel in this appeal.

Another case similar to this one of Kerry Adolphson v. Commissioner of Internal Revenue, Case No. 15-2242, pending in the United States Court of Appeals for the Seventh Circuit. The undersigned is counsel for Adolphson in that appeal.

Another case similar to this one of Ernest Portwine v. Commissioner of Internal Revenue, Case No. 15-9004, pending in the United States Court of Appeals for the Tenth Circuit. The undersigned is counsel for Portwine in that appeal.

## STATEMENT OF THE CASE

### A. Factual Background.[2]

The years relevant to this appeal are the calendar years 2003 through 2008. For each of these years, the IRS was required to send notices of deficiencies to Clarkson by certified mail to his "last known address". If Clarkson failed to challenge the notices via a petition in U.S. Tax Court, the IRS could assess the taxes that were the subject of these notices.

The IRS contends that on October 15, 2007, it prepared a notice of deficiency for calendar year 2004, which was allegedly mailed to Clarkson by certified mail (Doc. 11, Ex. B; Appx. 52). When Clarkson failed to initiate any challenge to this notice in the U.S. Tax Court, it assessed him the sum of $9637 on March 3, 2008

---

[2] No hearings were held in this case, and these relevant facts are derived from the pleadings submitted by the parties.

3

(Doc. 11, Ex. AC; Appx. 205).

The IRS contends that on October 15, 2007, it prepared a notice of deficiency for calendar year 2005, which was allegedly mailed to Clarkson by certified mail (Doc. 11, Ex. C; Appx. 66). When Clarkson failed to initiate any challenge to this notice in the U.S. Tax Court, it assessed him the sum of $10,606 on March 3, 2008 (Doc. 11, Ex. AD; Appx. 207).

The IRS contends that on February 25, 2008, it prepared a notice of deficiency for calendar year 2003, which was allegedly mailed to Clarkson by certified mail (Doc. 11, Ex. A; Appx. 38). When Clarkson failed to initiate any challenge to this notice in the U.S. Tax Court, it assessed him the sum of $4750 on July 7, 2008 (Doc. 11, Ex. AB; Appx. 203).

The IRS contends that on December 15, 2008, it prepared a notice of deficiency for calendar year 2006, which was allegedly mailed to Clarkson by certified mail (Doc. 11, Ex. D; Appx. 80). When Clarkson failed to initiate any challenge to this notice in the U.S. Tax Court, it assessed him the sum of $12,385 on April 27, 2009 (Doc. 11, Ex. AE; Appx. 209).

The IRS contends that on June 14, 2010, it prepared a notice of deficiency for calendar year 2007, which was allegedly mailed to Clarkson by certified mail (Doc. 11, Ex. E; Appx. 94). When Clarkson failed to initiate any challenge to this notice in the U.S. Tax Court, it assessed him the sum of $12,274 on November 15, 2010 (Doc.

4

11, Ex. AF; Appx. 211).

The IRS contends that on February 7, 2011, it prepared a notice of deficiency for calendar year 2008, which was allegedly mailed to Clarkson by certified mail (Doc. 11, Ex. F; Appx. 111). When Clarkson failed to initiate any challenge to this notice in the U.S. Tax Court, it assessed him the sum of $11,204 on June 20, 2011 (Doc. 11, Ex. AG; Appx. 213).

Each of the above notices of deficiencies are alleged to have been carried to a U.S. Post Office for mailing by certified mail, and there records regarding the mailings of these notices were created (Doc. 11, Exs. J-Q; Appx. 164-172).

By notice dated October 20, 2015, the IRS informed Clarkson that he owed the sum of $128,338.30 for the years 2003 through 2008 and intended to levy on his property to satisfy this debt (Doc. 3; Appx. 16). This notice promoted Clarkson to file his petition with the U.S. Tax Court.

### B. Proceedings in the Tax Court.

On October 28, 2015, Clarkson file a petition (Doc. 1; Appx. 9-10) with the Tax Court seeking a determination of whether the IRS had in fact mailed notices of deficiencies to him for the years 2003 through 2008. In that petition, he alleged:

> Respondent never created and properly issued Petitioner a Notice(s) of Deficiency for tax years 2003-2008 to Petitioner's last known address as required by IRC sections 6212 and 6213.

Having failed to send him these statutorily required notices deprived him of the

5

opportunity to contest them at the time of issue in the Tax Court. Clarkson also filed

a motion to restrain IRS collection efforts to collect the taxes allegedly assessed (Doc.

3; Appx. 11-17) pending that litigation.

The Commissioner replied by submitting a motion to dismiss Clarkson's

petition for lack of jurisdiction (Doc. 10; Appx. 18-28). In support of that motion, a

declaration of the Commissioner's lawyer, Thomas Deamus, was offered to which

was attached a number of IRS documents and records, including copies of the notices

of deficiencies for the relevant years along with a number of "substitute" Postal

Forms 3877 to demonstrate that the relevant notices had been mailed to Clarkson by

certified mail (Doc. 11; Appx. 29-219). Clarkson submitted a reply (Doc. 13; Appx.

220-253) that challenged the proof submitted by the Commissioner, but the Tax Court

dismissed his petition on February 3, 2016 (Doc. 14; Appx. 1-5).

This appeal follows.

## SUMMARY OF ARGUMENT

In the Tax Court, Clarkson alleged that the IRS had failed to send notices of

deficiencies to him by certified mail for the tax years 2003 through 2008, which

notices were required by 26 U.S.C. §6212. Because of this failure, Clarkson

contended that IRS collection efforts against him were due to be ceased and this is the

reason that he proceeded with his petition in the Tax Court.

The Commissioner moved to dismiss Clarkson's petition as being untimely

6

filed because the questioned notices had been mailed years ago to Clarkson and his petition was thus too late and consequently due to be dismissed. To prove these contentions, the Commissioner submitted copies of the notices at issue as well as some documentary proof of their mailings by certified mail. In response, Clarkson contended that this proof did not sufficiently prove the subject mailings. However, the Tax Court accepted the Commissioner's position and dismissed Clarkson's petition.

The first issue in this appeal thus concerns whether the Tax Court erred in dismissing Clarkson's petition because proof of the subject mailings was deficient.

But, the "proof" offered in the Tax Court by the Commissioner consisted of a declaration by his own counsel, to which a number of business records of the IRS were attached. A wealth of decisional authorities hold that lawyers for parties in litigation lack the personal knowledge needed to offer evidence in a case; a wealth of authorities also holds that public records can only be admitted into evidence if they are either certified or authenticated by a witness. If Clarkson had moved to strike the challenged declaration and the attached exhibits, he would have prevailed. However, Clarkson did not make that motion.

The second issue in this appeal asserts that the Tax Court plainly erred by considering the declaration submitted by the Commissioner and the unauthenticated exhibits attached thereto.

7

## ARGUMENT

**ISSUE: Did the Tax Court err in its decision entered on February 3, 2016?**

**Standard of review:**

This court reviews the Tax Court's legal conclusions *de novo*, and its factual findings for clear error. *Capital Blue Cross v. CIR*, 431 F.3d 117, 123–24 (3d Cir.2005).

**Analysis.**

**I. Jurisdiction of the Tax Court.**

When the IRS asserts that a taxpayer owes additional taxes for a particular year, it is required via 26 U.S.C. § 6212(b) to mail a document or letter named a notice of deficiency to the taxpayer's last known address:

26 U.S.C. § 6212. Notice of deficiency.
(a) In general — If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

(b) Address for notice of deficiency
(1) Income and gift taxes and certain excise taxes — In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, or chapter 44 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

Mailing a notice of deficiency permits the filing of a petition in Tax Court to contest the same, which must be filed within 90 days of the mailing of the notice of deficiency. 26 U.S.C. § 6213. See *Robinson v. United States*, 920 F.2d 1157, 1158 (3rd Cir. 1990).

What constitutes the mailing of a notice of deficiency to a taxpayer's "last known address" has been an issue frequently litigated, and a number of courts have concluded that certain of these notices were ineffective because they were not mailed to a taxpayer's "last known address". For example, in *Mulder v. CIR*, 855 F.2d 208 (5th Cir. 1988), Mulder filed a tax return listing as his address that of his parent's business. He thereafter moved, and later filed a request for an extension of time to file a return that listed his then current mailing address. Nonetheless, the IRS mailed a notice of deficiency to the old address, and later assessed and attempted collection of the taxes that were the subject to the notice of deficiency, which resulted in Mulder initiating tax court litigation. His loss in Tax Court was reversed:

> "The 'last known address' is a term of art and refers to that address which, in light of all relevant circumstances, the IRS reasonably may consider to be the address of the taxpayer at the time the notice of deficiency is mailed. * * * The IRS is required to use reasonable diligence in its efforts to ascertain this address. * * * The focus is on the information available to the IRS at the time it issued the notice of deficiency. * * * This involves a question of fact. * * * What the IRS knew or should have known is determined by consideration of all relevant facts and circumstances. Evidence is relevant if it tends to make the existence of what the IRS knew or should have known on the date of the notice 'more probable or less probable than it would be without the evidence.'" Id., at 211.

9

In reversing the Tax Court, the Fifth Circuit concluded that, "given the facts that two letters posted shortly before the notice of deficiency were returned undelivered, and that the notice of deficiency was neither delivered nor returned, we are not persuaded that the IRS exercised due diligence in sending the notice to Mulder's last known address. More should have been done." Id., at 212. See also *Wallin v. CIR*, 744 F.2d 674 (9th Cir. 1984).

In *McPartlin v. CIR*, 653 F.2d 1185 (7th Cir. 1981), the taxpayers had moved from one address in Chicago to another, and had informed an IRS agent of the move, in addition to filing returns listing the new address. However, a notice of deficiency was mailed to the old address, and when the McPartlins did not challenge such via a petition in Tax Court, the taxes claimed due in the notice were assessed. After the McPartlins learned about the notice of deficiency and the tax assessment, they filed a late tax court petition which was dismissed by the Tax Court. That court reversed, noting, among other matters, that if a "return receipt was sent to the Commissioner[,] it should have informed him that petitioners no longer resided at Lockwood Avenue. In such circumstances, notice is also insufficient." Id., at 1191. See also *Crum v. CIR*, 635 F.2d 895, 901 (D.C. Cir. 1980).

In *Powell v. CIR*, 958 F.2d 53 (4th Cir. 1992), the taxpayers moved from one place in Maryland to another, and filed a tax return showing the new address. Later, the IRS mailed a notice of deficiency to the old address, which was returned by the

10

Postal Service as "unclaimed." Nonetheless, the IRS assessed the deficiency, which caused the Powells to file a late tax court petition, which was dismissed. The Fourth Circuit followed the decision in *McPartlin*, *supra*, and concluded that "when the IRS received the returned notice, that was proof that the same had not been delivered to the Powells," and the notice was insufficient. Id., at 56. See also *Holof v. CIR*, 872 F.2d 50, 56 (3rd Cir. 1989)("the notice of deficiency sent to the Holofs, incorrectly addressed and not actually received in time to petition the Tax Court, could not set into motion any of the statutory assessment procedures."); *Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir. 1985); and *Sicker v. CIR*, 815 F.2d 1400, 1401 (11th Cir. 1987).  The Fifth Circuit has described these notices as null and void. See *Terrell v. CIR*, 625 F.3d 254, 261 (5th Cir. 2010).

Often, parties file tax court petitions long after the 90 day period within which to contest notices of deficiencies. In such circumstances, the Commissioner moves to dismiss the case for lack of jurisdiction because the petition was not timely filed. But at times, a putative taxpayer can prove that a notice was not sent to him at his last known address by certified mail, and if such be the case, the notice is void and does not support an assessment of taxes by the IRS. If such is the case, the Tax Court dismisses the taxpayer's petition for lack of jurisdiction because a valid notice was never mailed. See *Mulvania v. CIR*, 769 F.2d 1376, 1378 (9th Cir. 1985)("The Tax Court, 81 T.C. 65, granted Mulvania's motion to dismiss for lack of jurisdiction and

denied the Commissioner's motion to dismiss."); *Roszkos v. CIR*, 850 F.2d 514, 515

(9th Cir. 1988)("Tax Court dismissed the case for lack of jurisdiction, having found

insufficient notice to support the assessment."); and *Edwards v. CIR*, 791 F.3d 1, 6

(D.C. Cir. 2015)("tax court * * * is required to state whether it lacks 'jurisdiction

because no statutory notice of deficiency has been issued or because a valid notice

was issued but the petition was not timely filed.'").

### II. The Disputed Proof of Mailing in This Case.

In Clarkson's petition, he alleged that he had never been mailed notices of

deficiencies for the calendar years 2003 through 2008 (Doc. 1; Appx. 9). The relevant

law requires that a notice of deficiency be mailed to the taxpayer by certified mail at

his "last known address." 26 U.S.C. § 6212(b).

To prove the mailing of letters, long ago the common law developed the

"mailbox rule," accurately summarized by this court in *Lupyan v. Corinthian*

*Colleges Inc.*, 761 F.3d 314, 319-20 (3d Cir. 2014). The "mailbox rule" envisions, as

proof of the mailing of some letter, that the sender demonstrate the preparation of the

letter, its placement in an envelope properly addressed and its delivery to and receipt

by the U.S. Postal Service. From such proof, a presumption arises that the Postal

Service performed its duty and delivered the mail to the addressee.

But, somewhat different rules apply to certified mail.  The Domestic Mail

Manual is published by the U.S. Postal Service and its provisions are valid as

regulations. See 39 C.F.R. §111.1 ("the U.S. Postal Service hereby incorporates by reference in this part, the Mailing Standards of the United States Postal Service, Domestic Mail Manual, a looseleaf document published and maintained by the Postal Service.").[3] In response to the Commissioner's motion to dismiss his petition, Clarkson attached to his reply a number of relevant provisions from this official manual (Appx. 243-253).

When a party desiring to mail a single piece of certified mail, the Postal Service issues to that party an executed Postal Service Form 3800 (Appx. 248). However, when a mailer like the IRS wishes to mail more than 3 pieces of certified mail, the Postal Service uses a Form 3877 (a copy appears at Appx. 251). Moreover, the Domestic Mail Manual permits authorized mailers to customize this form for their own purposes. But whether an official Form 3877 or a customized one is used, the form must be properly completed. See *O'Rourke v. United States*, 587 F.3d 537, 541 (2d Cir. 2009)(a defective Form 3877 means that the presumption of mailing does not arise); and *Coleman v. CIR*, 94 T.C. 82, 90 (1990).

To prove that notices of deficiencies had been mailed to Clarkson, the Commissioner offered a number of his customized Forms 3877 (Appx. 164-172). Review of these forms reveals much about how these types of notices are mailed.

---

[3] The Manual is available here:
http://pe.usps.com/cpim/ftp/manuals/dmm300/full/MailingStandards.pdf

Apparently, all of the notices allegedly mailed to Clarkson were prepared by the IRS

Service Center in Ogden, Utah. When the IRS prepares these notices, the first page

of each notice lists the certified mail number that will be used to mail that particular

notice. After perhaps 1000 or more of these notices are prepared, certain information

regarding each notice is listed on the customized Form 3877, which includes the

name and address of the party to whom the notice is being sent as well as the certified

mail number for each piece. The customized IRS Form 3877 requires a signature of

the employee who prepares all of these notices. Apparently, when this work is

completed, all of this mail is placed in a huge box or bag and then carried to the local

Post Office.

There, a local postal employee must acknowledge receipt of each piece of

certified mail. Each page of multiple Forms 3877 lists the number of pieces of mail

delivered to the Post Office and the number of pieces received by the Post Office.

Obviously, the IRS employee delivering that bundle of mail will submit each page of

the Form 3877 to a postal employee who reviews the form. As each piece of mail is

acknowledged as being received, the postal employee must agree that the total

number of pieces of mail listed on each page of the form has actually been received,

this being demonstrated by the employee inserting that number on the place provided

on the form. The postal employee also must stamp each page of the form with the

Postal Service stamp and sign each page.

14

But here in this case involving Clarkson, these Forms 3877 are defective (Appx. 164-172). Each of the relevant forms has a place for the IRS employee to sign: "Notices listed hereon were issued by:". There are no such signatures on any of these forms. But further, none of these forms shows the number of notices that the Postal Service employee received. Are these defects sufficient to disprove that notices of deficiencies were NOT mailed to Clarkson?

The decision in *Welch v. United States*, 678 F.3d 1371 (Fed. Cir. 2012), most succinctly summarizes this method of proof of mailing:

> "While adherence to Manual procedures in mailing statutory notices is presumptive proof of mailing, strict compliance has not been legally required by other circuits. See, e.g., *Keado*, 853 F.2d at 1214. Other courts addressing the issue have used a two-prong inquiry when examining the IRS's claims that a notice of deficiency has been sent. See *O'Rourke*, 587 F.3d at 540-41; *Coleman v. Comm'r*, 94 T.C. 82, 91-92 (1990); see also *Keado*, 853 F.2d at 1214; *Zolla*, 724 F.2d at 810; *Ahrens*, 530 F.2d at 784-86. First, where the IRS has (1) established the existence of a notice of deficiency and (2) produced a properly completed PS Form 3877 certified mail log, it is entitled to a presumption of mailing, and the burden shifts to the taxpayer to rebut that presumption by clear and convincing evidence. See, e.g., *O'Rourke*, 587 F.3d at 540-41; *Coleman v. Comm'r*, 94 T.C. 82, 91-92 (1990). Second, in the absence of proof of a notice of deficiency and a properly completed Postal Form 3877 certified mail log, the IRS may meet its burden with evidence that is 'otherwise sufficient.' See, e.g., *O'Rourke*, 587 F.3d at 540-41; *Coleman v. Comm'r*, 94 T.C. 82, 91-92 (1990). While we believe this framework is sound generally, it still begs the question of what evidence is 'otherwise sufficient' for these purposes," Id., at 1377.

> "First, we find that the government bears the burden of proving proper mailing of a notice of deficiency by competent and persuasive evidence. *Butti*, 95 T.C.M. (CCH) 1321, 2008 WL 898822 at *3; *Coleman*, 94 T.C. at 90. Next, where the IRS has (1) established the existence of a notice of deficiency and

(2) produced a properly completed PS Form 3877 certified mail log it is entitled to a presumption of mailing, and the burden shifts to the taxpayer to rebut that presumption by clear and convincing evidence. See, e.g., *Ahrens*, 530 F.2d at 784-86. In the absence of a properly completed PS Form 3877, where the existence of a notice of deficiency is not in dispute, the government must come forward with evidence corroborating an actual timely mailing of the notice of deficiency. The evidence presented to prove timely mailing may include documentary evidence as well as evidence of mailing practices corroborated by direct testimony," Id., at 1378-79.

In *Welch*, a notice of deficiency concerning the year 1995 was one of those at issue, and the proof of its mailing was held deficient: "Thus, even assuming the evidence is sufficient to prove that a 1995 notice of deficiency was approved and that the IRS intended to create it, only the return-receipt cards are potential proof that such a notice actually existed and was mailed. As appellants correctly argue, the government offers no way to cross-reference the return-receipts with whatever letter or correspondence it accompanied. Fowler-Moore's testimony can only establish that some form of certified mail was sent to appellants on September 11, 2000. In the absence of evidence establishing a connection between the return-receipt cards and a particular document, the parties can do no more than speculate as to the letters' contents," Id., at 1381.

In *Pietanza v. CIR*, 92 T.C. 729, 741 (1989), there was no notice of deficiency offered into evidence, and only the Form 3877 was available. In concluding that such evidence failed to prove the mailings of the questioned notices, the court stated:

"We recently considered the inverse side of this question in *Magazine v.*

16

*Commissioner*, 89 T.C. 321 (1987). In that case the notice of deficiency, dated March 29, 1983, was in existence. The petition was filed more than 3 years beyond the 90-day period set forth in section 6213. Respondent had destroyed the postal service Form 3877, and we considered whether respondent could prove the mailing and date of mailing by means of employee 'habit evidence' regarding the mailing of statutory notices. Respondent did not present evidence of mailing or any direct testimony that the notice was mailed. We held that while such habit evidence was admissible, it did not, standing alone, meet respondent's burden to show that the notice was in fact mailed. In *United States v. Wright*, 658 F. Supp. 1 (D. Alaska 1986), a collection action, the Government had lost the administrative file and had long since discarded the daily log of mailings, but did have a date-stamped copy of the deficiency notice. The District Court held that the date-stamped deficiency notice, standing alone, did not prove the requisite mailing of the notice and dismissed the Government's complaint."

Simply stated, an improperly completed Form 3877 fails to establish the mailing of such notices. See *Knudsen v. CIR*, T.C. Memo. 2015-69 at 14, 16 ("a defective Form 3877 does not trigger a presumption of regularity. * * * the absence of a signature by the receiving U.S. Postal Service post office employee, * * *, render a PS Form 3877 improperly completed."); and *Meyer v. CIR*, T.C. Memo. 2013-268 at 24 ("no separate signature from the person who issued the notices was present here."). These same defects exist here.

Clearly here in Clarkson's case, all of the customized Forms 3877 were deficient,[4] and according to the above authority, the mailbox rule's presumption of

---

[4] All of these forms had a place for the IRS to list the total number of notices on each page, but all of this information was "blacked-out" by a "Magic Marker". Perhaps the Commissioner can explain why this was done.

17

mailing and receipt was never applicable. But did Clarkson offer some proof to meet the non-existent burden placed on him? When Clarkson received his copy of the Commissioner's motion to dismiss containing copies of each of the notices of deficiencies for the years 2003 through 2008, he learned what each certified mailing number was used for these mailings:

Year 2003: 7178 2665 9395 4347 0831.

Year 2004: 7178 2665 9395 4328 7651.

Year 2005: 7178 2665 9395 4328 7668.

Year 2006: 7178 2665 9395 4383 9249.

Year 2007: 7178 2665 9395 4488 7232.

Year 2008: 7178 2665 9395 4273 5498.

With these numbers, he visited the Postal Service's website to track the delivery of each of these pieces of mail and attempted to verify whether the Postal Service had any records regarding the delivery of these questioned pieces of mail. The following is the reply Clarkson received from the Postal Service for each of these numbers excepting that for the year 2003: "The Postal Service could not locate the tracking information for your request. Please verify your tracking number and try again later." See Appx. 236-242. The certified mail number for the 2003 notice of deficiency was used for a piece of certified mail apparently sent to some address in Santa Clarita, California, on March 3, 2014 (Appx. 234).

In summary, each of the Forms 3877 that the Commissioner offered to demonstrate that the questioned notices of deficiencies had been mailed to Clarkson were deficient and consequently did not trigger the mailbox rule, and the presumption this rule supports. Accordingly, the Tax Court erred and its decision is due to be reversed.

**ISSUE 2: Did the Tax Court plainly err in considering in its judgment the declaration of Thomas Deamus and the exhibits attached thereto?**

To support his motion to dismiss, the Commissioner offered a declaration of the lawyer who was representing him in this litigation, Thomas Deamus (Doc. 11; Appx. 29-219). Obviously to file that motion, the IRS sent a number of allegedly relevant files and documents to Mr. Deamus, who believed that merely having possession of those documents could be the basis for getting those documents admitted:

> "1. I am an attorney employed by the Office of Chief Counsel, Internal Revenue Service.
> "2. In my capacity as the attorney to whom the above case is assigned, I am in possession of respondent's files in this case, which consist of the following:", Appx. 29.

But, a lawyer for a party in litigation most often lacks the personal knowledge of the facts of the case sufficient to offer an affidavit in support of a motion. See *Automatic Radio Mfg. Co. v. Hazeltine Research Inc.*, 339 U.S. 827, 831, 70 S.Ct. 894 (1950). Counsel for the parties should not be "the personal vehicle by which the

19

'undisputed' facts are put before the Court", and it is "an unnatural, if not virtually impossible, task for counsel, in his own case, to drop his garments of advocacy and take on the somber garb of an objective fact-stater." *Inglett & Company v. Everglades Fertilizer Co.*, 255 F.2d 342, 349 (5th Cir. 1958).

In a large number of cases, lawyers for the parties in litigation have submitted affidavits in support of their own motions submitted on behalf of their clients, yet the courts have repeatedly condemned these efforts. See *Chambers v. United States*, 357 F.2d 224, 228 (8th Cir. 1966)("The statement of the Assistant United State Attorney, based as it is upon information furnished by others, obviously does not comply with Rule 56(e) and does not constitute admissible evidence. It is, therefore, not entitled to and will be given no consideration here."); *Mercantile National Bank at Dallas v. Franklin Life Insurance Co.*, 248 F.2d 57, 59 (5th Cir. 1957)("In fact, it is obvious that the attorneys did not have any personal knowledge of the facts and that they were not competent to testify to them. Such affidavits have no probative value on a motion for summary judgment."); *Hoston v. J.R. Watkins Co.*, 300 F.2d 869, 870 (9th Cir. 1962)("Watkins' affidavit in support of the motion does not comply with Rule 56(e), F.R.Civ.P. It was made by Watkins' counsel, who obviously did not have personal knowledge of most of the things that he referred to, and whose testimony would not have been admissible in evidence at the trial."); *United States v. Smith*, 495 F.2d 668, 670 (10th Cir. 1974)(statements of counsel cannot be a substitute for an evidentiary

hearing when there are material facts in dispute); *King v. National Industries, Inc.*, 512 F.2d 29, 33-34 (6th Cir. 1975)("The affidavit of plaintiff's attorney Palmer was insufficient to rebut the affidavit of Solomon accompanying defendant's motion for summary judgment. Plaintiff may not raise an issue of fact by merely referring to the proposed testimony of possible witnesses. Palmer in his affidavit indicates no personal knowledge of the facts relevant to the case. An affidavit stating what the attorney believes or intends to prove at trial is insufficient to comply with the burden placed on a party opposing a motion for summary judgment under Rule 56."); *United States v. Bosurgi*, 530 F.2d 1105, 1111-12 (2nd Cir. 1976)("We agree that the attorney's affidavit was not a permissible substitute for personal knowledge of the Bosurgis with respect to this crucial issue."); *Gatling v. Atlantic Richfield Co.*, 577 F.2d 185, 188 (2nd Cir. 1978)(citing *Bosurgi, supra*); *Schiess-Froriep Corp. v. S.S. Finnsailor*, 574 F.2d 123, 126 (2nd Cir. 1978)("In this case, the affidavit of Universal's counsel fails to comply with the Rule because it plainly is not based on personal knowledge of the affiant. Moreover, no affidavit from any witness thus qualified was offered or filed by Universal. The December 10 marine survey report, upon which Universal's attorney relies, is itself based on hearsay information insofar as it reports how the damage occurred, and is of no more use on this issue than the affidavit of Schiess-Froriep's counsel, who stated that his client's surveyor said that the damage occurred during truck loading."); *Jersey Central Power & Light Cc. v.*

21

*Lacey Township*, 772 F.2d 1103, 1109-10 (3rd Cir. 1985)("The Township of Lacey has failed to present any basis for its beliefs, other than its verified Answer and Memoranda of law below and to this Court. Legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion."); *Postscript Enterprises v. City of Bridgeton*, 905 F.2d 223, 225 (8th Cir. 1990) (attorney's affidavit is treated like all other affidavits submitted pursuant to Rule 56(e) and is not sufficient unless it is based on personal knowledge); *Omnipoint Comm. v. Common Council of City of Peekskill*, 202 F. Supp.2d 210, 213 (S.D.N.Y. 2002) ("An attorney's affidavit which is not based on personal knowledge of the relevant facts should be accorded no weight on a motion for summary judgment. See *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983). When an attorney's affirmation does not comply with Rule 56(e), the court should strike the portions thereof which are not made upon the affiant's personal knowledge, contain inadmissible hearsay or make conclusory statements. See *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir.), * * *; *United States v. Private Sanitation Industry Assoc. of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir.), * * *."); and *Latman v. Burdette*, 366 F.3d 774, 786 (9th Cir. 2004)("the La Jara account records [were] inadmissible because they were submitted as an attachment to a supplemental declaration of Trustee's counsel, who had no personal knowledge of their authenticity * * *. We agree with the district court that the bankruptcy court

22

abused its discretion in admitting the Trustee's supplemental declaration attaching the

La Jara account records because the declarant, the Trustee's attorney, had no personal

knowledge as to the authenticity of the account records.").

Mr. Deamus merely referenced the various documents that had been provided

to him by the IRS, put exhibit numbers on them, and submitted the approximately 190

page pleading to the Tax Court to support his own motion. But, these exhibits were

not certified, and since the facts explaining what these exhibits meant were offered

via the Commissioner's trial counsel who lacked personal knowledge of these facts,

it was error for the Tax Court to consider these exhibits, especially to dismiss

Clarkson's petition.

Two rules govern admission into evidence of public records or documents such

as these exhibits. Rule 902, F.R.Evi., and Rule 44(a), F.R.Civ.P., provide in relevant

part as follows:

> Rule 902. Self-authentication.
> Extrinsic evidence of authenticity as a condition precedent to admissibility is
> not required with respect to the following:
> (1) Domestic public documents under seal. A document bearing a seal
> purporting to be that of the United States, or of any State, district,
> Commonwealth, territory, or insular possession thereof, or the Panama Canal
> Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision,
> department, officer, or agency thereof, and a signature purporting to be an
> attestation or execution.
> (2) Domestic public documents not under seal. A document purporting to bear
> the signature in the official capacity of an officer or employee of any entity
> included in paragraph (1) hereof, having no seal, if a public officer having a
> seal and having official duties in the district or political subdivision of the

officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine.

Rule 44. Proving an Official Record.
(a) Means of Proving.
(1) Domestic Record.
Each of the following evidences an official record — or an entry in it — that is otherwise admissible and is kept within the United States, any state, district, or commonwealth, or any territory subject to the administrative or judicial jurisdiction of the United States:
(A) an official publication of the record; or
(B) a copy attested by the officer with legal custody of the record — or by the officer's deputy — and accompanied by a certificate that the officer has custody. The certificate must be made under seal:
(i) by a judge of a court of record in the district or political subdivision where the record is kept; or
(ii) by any public officer with a seal of office and with official duties in the district or political subdivision where the record is kept.

Via these rules, these exhibits were not admissible.

The case of *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970), concerned the validity of a summary judgment granted in favor of the government. Here, the government's summary judgment affidavits referred to exhibits which simply were devoid of proof of the facts in contention, and those exhibits were attached to the affidavit of a government employee who simply could not have had the requisite personal knowledge of the facts regarding the case. In reversing that summary judgment, that court stated:

"A writing is not authenticated simply by attaching it to an affidavit, even if the writing appears on its face to have originated from some governmental agency and the affiant is a governmental official. The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge

of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery.  An official record is authenticated by the testimony of a witness who knows and attests to the facts stated in Rule 44 ....

"The fact that the affiant is employed by the Army and that the document was supposedly signed by someone who is also in the Army is patently insufficient to provide him with the necessary personal knowledge to authenticate it."

Many authorities have addressed the requirements for admitting public records or documents pursuant to these rules. An uncertified weather report bearing no seal was at issue in *Celanese Corp. of America v. Vandalia Warehouse Corp.*, 424 F.2d 1176, 1179-80 (7th Cir. 1970). In holding this report's admission was erroneous, this court explained:

"Although offered as a certified copy of the original record, Exhibit 15 lacks the seal of any official of the United States Government. The testifying witness was not a federal employee and gave no evidence supporting the authenticity of the purported certification. * * *

"Rule 44 of the Federal Rules of Civil Procedure governs proof of official documents such as Exhibit 15. That rule contains specific standards for authentication of domestic records in paragraph (a)(1) as well as the further incorporation of existing federal and state law in paragraph (c). In this case, the absence of any appropriate seal from this exhibit precludes compliance with the procedures established in Rule 44 (a)(1). * * * Nor has Celanese produced any support for the authenticity of the certification of Exhibit 15 by the 'Certifying Officer' without the affixation of the appropriate governmental seal of which judicial notice could be taken. * * * The lack of any seal therefore barred the authentication of Exhibit 15 by the purported certification contained thereon. The document was not entitled to admission into evidence on that basis and it was error to have admitted it."

See also *Olympic Junior, Inc. v. David Crystal, Inc.*, 463 F.2d 1141, 1146 (3rd Cir. 1972)("Conclusory statements, general denials, and factual allegations not based on

25

personal knowledge would be insufficient to avoid summary judgment."); *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3rd Cir. 1985)(attorney "Milligan's conclusion is based only on conjecture. Such an affidavit does not satisfy the party's burden under Rule 56(e). Just as such an affidavit is inadequate to oppose a motion for summary judgment, see *Hurd v. Williams*, 755 F.2d 306, 308 (3d Cir. 1985), it is inadequate to support it. Thus, we conclude that the district court erred in relying on the Milligan affidavit as a basis for summary judgment."); *Hlinka v. Bethlehem Steel Corporation*, 863 F.2d 279, 282 (3rd Cir. 1988)("Federal Rule of Civil Procedure 56(e) requires that an affidavit in opposition to a motion for summary judgment must be based 'on personal knowledge,' must establish 'such facts which would be admissible' and must 'show affirmatively that the affiant is competent to testify in all matters stated therein.'"); *Scott v. Edinburg*, 346 F.3d 752, 760 n. 7 (7th Cir. 2003)("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e), and the affiant must be a person through whom the exhibits could be admitted into evidence."); and *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1551 (9th Cir. 1990)("A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment.")

But furthermore, the computer generated exhibits named "Account Transcripts", were prepared on December 4, 2015 (Appx. 202-219), and obviously

had been made for the purpose of this litigation. See *Palmer v. Hoffman*, 318 U.S. 109, 114, 63 S.Ct. 477 (1943); *Willco Kuwait (Trading) S.A.K. v. deSavary*, 843 F.2d 618, 628 (1st Cir. 1988)(telex was prepared for litigation and was thus inadmissible); *Yung Jin Teung v. Dulles*, 229 F.2d 244, 247 (2nd Cir. 1956) (status reports made for purpose of litigation were inadmissible); *United States v. Feliz*, 467 F.3d 227, 234 (2nd Cir. 2006)("records created in anticipation of litigation do not fall within its definition."); *Hartzog v. United States*, 217 F.2d 706, 710 (4th Cir. 1954)("These [IRS] worksheets were made in preparation for this prosecution."); *Weaver v. Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154, 159 (4th Cir. 1993) ("[a]n affidavit prepared for trial is not a record of regularly conducted activity"); *United States v. Stone*, 604 F.2d 922, 926 (5th Cir. 1979)("This exception for an agency's official records does not apply to Ford's personal statements prepared solely for purposes of this litigation."); *Chapman v. United States*, 194 F.2d 974, 978 (5th Cir. 1952)(report of an airplane crash was held inadmissible because it was prepared for litigation); *Colorificio Italiano Max Meyer v. S/S Hellenic*, 419 F.2d 223, 225 (5th Cir. 1969) (survey reports prepared for litigation were inadmissible); *United States v. Williams*, 661 F.2d 528, 531 (5th Cir. 1981)(statement prepared "for the purposes of trial alone" and possessing "none of the indicia of trustworthiness" was inadmissible); *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 238 (5th Cir. 1988)("their primary utility, rather, is for litigation."); *Dilley v. Chesapeake & Ohio Railway Company*, 327 F.2d

249, 251 (6th Cir. 1964)(written statement of railroad employee, prepared for litigation, was inadmissible); *Bracey v. Herringa*, 466 F.2d 702, 704 (7th Cir. 1972)(prison records were prepared for litigation); *United States v. McPartlin*, 595 F.2d 1321, 1352 (7th Cir. 1979) (document was prepared for litigation); *Jordan v. Binns*, 712 F.3d 1123, 1135 (7th Cir. 2013)("It is well established, though, that documents prepared in anticipation of litigation are not admissible under FRE 803(6)."); *Picker X-Ray Corporation v. Frerker*, 405 F.2d 916, 922 (8th Cir. 1969) (incident reports and letters written to document a surgical procedure which ultimately became the subject of a civil action were held inadmissible as having been prepared for litigation); *Scheerer v. Hardee's Food Sys., Inc.*, 92 F.3d 702, 706 (8th Cir.1996)("the incident report was inadmissible as a business record under Fed.R.Evid. 803(6) because it had been prepared in anticipation of litigation."); *Clark v. City of Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981)(diary was inadmissible because it was prepared for litigation); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1258 (9th Cir. 1984)(audit records compiled by an accounting firm were prepared for litigation); *United States v. Miller*, 771 F.2d 1219, 1238 (9th Cir. 1985) ("The summaries were prepared in response to litigation rather than in the regular course of business."); *Edwards v. United States*, 374 F.2d 24, 27 (10th Cir. 1967) (letter was written for purposes of litigation); *United States v. Bohrer*, 807 F.2d 159, 162 (10th Cir. 1986)("Admission under the business records exception is not

available to documents prepared for ultimate purposes of litigation, when offered by the party maintaining the documents."); *Timberlake Constr. Co. v. U.S. Fid. & Guar. Co.*, 71 F.3d 335, 342 (10th Cir.1995)("It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business."); *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1161 (11th Cir. 2004) (records prepared for litigation are not admissible); and *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1184 (11th Cir. 2006) ("This printed summary was prepared solely for trial.").

However, Clarkson did not move to strike this "evidence" used to support the motion of the Commissioner, and courts that have considered this problem have held that objections of this nature are waived. See *Klingman v. National Indemnity Company*, 317 F.2d 850, 854 (7th Cir. 1963); *Auto Drive-Away Co. Hialeah, Inc. v. I.C.C.*, 360 F.2d 446, 448-49 (5th Cir. 1966); *Noblett v. General Elec. Credit Corp.*, 400 F.2d 442, 445 (10th Cir. 1968); *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994); and *Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994). But, plain error review enables this court to consider this issue.

Rule 103, F.R.Evi., concerns the matter of making objections to inadmissible evidence:

> Rule 103. Rulings on Evidence.
> (a) Effect of erroneous ruling.
> Error may not be predicated upon a ruling which admits or excludes evidence

unless a substantial right of the party is affected, and

(1) Objection. – In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

(2) Offer of proof. – In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

* * *

(d) Plain error.

Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

"Plain error" can thus be reviewed on appeal.

In *United States v. Olano*, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 1776-78 (1993), the Supreme Court confronted the issue of whether allowing alternate jurors to convene with the jury during its deliberations in a criminal case in violation of Rule 24(c), F.R.Cr.P., was reviewable as "plain error." The elements of plain error review established via *Olano* were described by the Court in *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 520 (3rd Cir. 1997): "First, there must be an actual error — a deviation from or violation of a legal rule. Second, the error must be plain; that is, the error must be clear and obvious under current law. Finally, the error must affect substantial rights. In other words, the error must be prejudicial and must have affected the outcome of the district court proceedings." The "concept of plain error may be applied in the civil context despite the lack of objection when a district court has

committed a serious and flagrant error that jeopardized the integrity of the proceeding." *Pennsylvania Environmental Defense Foundation v. Canon-McMillan*, 152 F.3d 228, 234 (3rd Cir. 1998).

This question regarding the admission without objection of plainly inadmissible evidence is clearly within the scope of plain error review. Was there error committed in this case? The documents attached to the Deamus declaration could only be admitted into evidence either by the testimony of their custodian, or via certification as required by Rules 902, F.R.Evi., and 44(a), F.R.Civ.P., with such documents bearing a seal.

Certainly, there was error regarding admission of this "evidence" and it was obvious, yet this was the only proof submitted to support the motion of the Commissioner. This error was very "clear and obvious under current law" because a wide variety of decisional authorities existed as discussed above that plainly hold that this was error.

But, it is the fact that an error was made affecting Clarkson's substantial rights that dictates the conclusion that the integrity of these proceedings has been jeopardized. See *United States v. Tann*, 577 F.3d 533, 543 (3rd Cir. 2009)("We hold that leaving this error uncorrected would seriously affect the fairness and integrity of these proceedings and, therefore, conclude that we will exercise our discretion to grant relief under Rule 52(b)."); *United States v. Cesare*, 581 F.3d 206, 209 (3rd Cir.

2009)("Put another way, leaving this error uncorrected would seriously affect the fairness and integrity of this proceeding. Therefore, under the plain error standard, we may notice this double jeopardy error present in Cesare's dual convictions."); and *United States v. Retos*, 25 F.3d 1220, 1232 (3rd Cir. 1994)("erroneous failure to instruct Retos' jury in accordance with *Ratzlaf*, 'seriously affect[ed] the fairness' of Retos' trial, * * * and thereby resulted in severe prejudice to him, a hallmark of manifest injustice.").

A number of courts have concluded that it is sufficient to grant relief for plain error when a party's substantial rights have been affected by the error. See *United States v. Bennett*, 472 F.3d 825, 834 (11th Cir. 2006)("The offense level miscalculation therefore affected Bennett's substantial rights. Under these circumstances, Bennett has shown that the plain error that substantially affected his rights also seriously affected the fairness, integrity, or public reputation of the judicial proceedings in this case."); *United States v. Gore*, 154 F.3d 34, 48 (2nd Cir. 1998)("we thus decide to exercise our discretion to address the plain error raised by Wells's appeal because to do otherwise would negatively impact the fairness, integrity and public reputation of judicial proceedings."); *United States v. Bennafield*, 287 F.3d 320, 324 (4th Cir. 2002)("Accordingly, because the error here was plain and affected Bennafield's substantial rights, and because no significant factor weighs against our correcting it, we exercise our discretion to vacate the Count One

32

conviction and remand for resentencing."); *Crawford v. Falcon Drilling Co., Inc.*, 131 F.3d 1120, 1129 (5th Cir. 1997)("We therefore conclude that the error's serious effect on the fairness, integrity, or public reputation of judicial proceedings requires us to vacate the district court's judgement as to the respective liability of the parties."); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1424 (5th Cir. 1996) (*en banc*) (plain-error rule applies when the appellant failed to object to a magistrate judge's report and recommendations); *United States v. Parker*, 508 F.3d 434, 441 (7th Cir. 2007) (overruling prior precedent and concluding that multiplicitous convictions, with concurrent sentences and assessments, amounted to miscarriage of justice); *United States v. Betterton*, 417 F.3d 826, 833 (8th Cir. 2005)("For defendants who meet the first three factors of the plain-error test in the *Booker* context, this Court has repeatedly chosen to exercise its discretion under the fourth factor to vacate the defendant's sentence. We have recognized that 'refusing to allow [a defendant] to be resentenced would leave [the defendant] incarcerated for a longer period than that to which the district court would have sentenced him under an advisory regime.' *United States v. Fleck*, 413 F.3d 883, 897 (8th Cir. 2005). We have held that this alone is enough to seriously affect the fairness, integrity, and public reputation of the judicial proceedings that placed the defendant in prison."); *Caviness v. Nucor-Yamato Steel Company*, 105 F.3d 1216, 1220 (8th Cir. 1997)("We think, given the circumstances of this case, that the failure to give a limiting instruction not only was plain error but

was so clearly prejudicial that it must be corrected. Accordingly, we vacate the award of compensatory damages and remand for a new trial."); *United States v. Zalapa*, 509 F.3d 1060, 1065 (9th Cir. 2007) ("By convicting and sentencing Zalapa on both firearms counts, the district court's plain error exposed Zalapa to double jeopardy, which makes his convictions fundamentally unfair."); and *United States v. Thompson*, 422 F.3d 1285, 1302 (11th Cir.2005)("We also conclude that the sentencing errors in this case 'seriously affected the fairness, integrity or public reputation of judicial proceedings.'").

Here, the Tax Court plainly erred. Whether Clarkson had been served with the statutory notices of deficiencies was a disputed matter upon which the court's jurisdiction depended. Clarkson contended that he had not been so served while the Commissioner asserted that he had. Facts were needed to dispose of this issue. To prove the disputed facts, the Commissioner submitted the uncertified exhibits, and then his own counsel explained in his declaration the meaning of these documents. Current law clearly holds that documents of this nature cannot be admitted in this fashion. And Clarkson is clearly harmed and his substantial rights are affected because he now confronts substantial IRS collection activities with no opportunity for any administrative or judicial review.

Here, the relevant law required the questioned notices to be served on Clarkson by certified mail. Ignoring the problem that these exhibits were not admissible, if they

were, they simply failed to prove that Clarkson had been served by certified mail. It

was thus plain error for the Tax Court to dismiss Clarkson's petition.

## CONCLUSION

For the reasons noted above, the decision of the Tax Court must be vacated.

Respectfully submitted this the 19th day of July, 2016.

/s/ *Lowell H. Becraft, Jr.*
Lowell H. Becraft, Jr.
Attorney for Appellant Clarkson
403-C Andrew Jackson Way
Huntsville, AL 35801
256-533-2535
becraft@hiwaay.net

CERTIFICATE OF COMPLIANCE

Pursuant to Fed.R.App.P. 32(a)(7)(C), I certify, based on the word-counting function of my word processing system (WordPerfect, Version 11), that this brief complies with the type-volume limitations of Fed.R.App.P. 32(a)(7)(B):

1. Exclusive of the exempted portions specified in Fed.R.App.P. 32(a)(7)(B)(iii), this brief contains fewer than 14,000 words, to wit, less than 9545 words;

2. The brief has been prepared in a proportional spaced format using Times New Roman type (14 point type).

I have also scanned this brief with a commercial anti-virus program, AVG, and have detected no virus.

/s/ *Lowell H. Becraft, Jr.*
Lowell H. Becraft, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2016, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system and that 10 papers copies were sent to the Clerk by First Class Mail. Counsel for the appellee was served electronically by the Notice of Docket Activity transmitted by the CM/ECF system.

A printed copy of this brief has also been mailed to Appellee's counsel on this date at her address.

Dated this the 19th day of July, 2016.

/s/ *Lowell H. Becraft, Jr.*

Lowell H. Becraft, Jr.

# Case No. 16-1673

## *IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT*

---

### ERIC CLARKSON

Appellant,

v.

### COMMISSIONER OF INTERNAL REVENUE,

Appellee.

---

ON APPEAL FROM A DECISION OF
THE UNITED STATES TAX COURT

---

APPENDIX
VOL. I

---

Lowell H. Becraft, Jr.
Attorney for Appellant
403-C Andrew Jackson Way
Huntsville, Alabama 35801
256-533-2535
becraft@hiwaay.net

Dated:  July 19, 2016

# TABLE OF CONTENTS
## for Vol. 1

Tax Court Decision of Feb. 3, 2016 (Doc. 14). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Notice of Appeal (Doc. 15). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**UNITED STATES TAX COURT**
**WASHINGTON, DC 20217**

ERIC D. CLARKSON,                  )
                                      )
          Petitioner(s),         )
                                        )
          v.                    ) Docket No. 27236-15.
                                        )
COMMISSIONER OF INTERNAL REVENUE, )
                                        )
          Respondent        )

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

Pending are (1) petitioner's Motion To Restrain Assessment or Collection or To Order Refund of Amount Collected, filed on October 28, 2015, and (2) respondent's Motion To Dismiss for Lack of Jurisdiction, filed on December 7, 2015.

Background

The petition in this case was filed on October 28, 2015. Petitioner seeks review of (1) unspecified notice(s) of deficiency issued to petitioner for taxable years 2003 through 2008, and (2) purported notice(s) of determination concerning collection action allegedly issued with respect to petitioner's taxable years 2003 through 2008. In his petition petitioner asserts, inter alia:

> Respondent issued a [October 2, 2015,] Notice of Levy on Wages, Salary, and Other Income for Petitioner's tax years 2003-2008 however, Respondent failed to issue Petitioner a Final Notice of Intent to Levy and Your Right to a Hearing in order for Petitioner to exercise his rights under IRC section 6330.

> Respondent never created and properly issued Petitioner a Notice(s) of Deficiency for tax years 2003-2008 to Petitioner's last known address as required by IRC sections 6212 and 6213.

Attached to the petition is a copy of an IRS Form 668-W(ICS), Notice of Levy on Wages, Salary, and Other Income, dated October 2, 2015, informing petitioner of the Internal Revenue Service notice of levy of that same date sent to Ahera Consultants Inc. to collect petitioner's unpaid income tax liabilities for 2003, 2004, 2005, 2006, 2007, and 2008.

On October 28, 2015, petition further file a Motion To Restrain Assessment or Collection or To Order Refund of Amount Collected. On November 12, 2015, respondent filed an Objection to petitioner's motion to restrain. Among other thing, in his Objection respondent

- 2 -

asserts/indicates that this Court lacks jurisdiction in this case as to petitioner's taxable years 2003, 2004, 2005, 2006, 2007, and 2008. In our Order dated November 16, 2015, we, among other things, directed respondent to file an appropriate jurisdictional motion.

On December 7, 2015, respondent filed a Motion To Dismiss for Lack of Jurisdiction on the grounds that: (1) the petition was not filed timely as to the notices of deficiency issued to petitioner for taxable years 2003, 2004, 2005, 2006, 2007, and 2008; and (2) no notice of determination under I.R.C. section 6320 or 6330 was issued to petitioner for taxable years 2003, 2004, 2005, 2006, 2007, and 2008 that would permit petitioner to invoke the Court's jurisdiction. Among other things, in support of his motion to dismiss, respondent states that based upon a diligent search of respondent's records, respondent has determined that no notice of determination under I.R.C. section 6320 or 6330 was issued to petitioner for taxable years 2003, 2004, 2005, 2006, 2007, and 2008 that would confer jurisdiction upon the Court. On January 8, 2016, petitioner filed a Response to respondent's motion to dismiss.

Discussion

The record reflects that respondent mailed by certified mail notices of deficiency for taxable years 2003 through 2008 to petitioner's last known address at 115 Oak Pines Boulevard, Pemberton, NJ 08068 (the 115 Oak Pines Boulevard address, which apparently continued to be petitioner's address at least up through the time the petition in this case was filed on October 28, 2015), as follows: (1) for taxable year 2003, the notice of deficiency was mailed on February 25, 2008; (2) for taxable years 2004 and 2005, the notices of deficiency were mailed on October 15, 2007; (3) for taxable year 2006, the notice of deficiency was mailed on December 15, 2008; (4) for taxable year 2007, the notice of deficiency was mailed on June 14, 2010; and (5) for taxable year 2008, the notice of deficiency was mailed on February 7, 2011. The 90-day period for filing a timely petition with the Court under I.R.C. section 6213(a) expired for each taxable year as follows: (1) for taxable year 2003, the last date to timely file a petition was May 26, 2008; (2) for taxable years 2004 and 2005, the last date to timely file a petition was January 17, 2008; (3) for taxable year 2006, the last date to timely file a petition was March 16, 2009; (4) for taxable year 2007, the last date to timely file a petition was September 13, 2010; and (5) for taxable year 2008, the last date to timely file a petition was May 9, 2011. The petition, filed October 28, 2015, arrived at the Court in an envelope bearing a U.S. Postal Service postmark dated October 23, 2015--more than 4 years beyond the expiration of the 90-day period for filing a timely petition even as to the February 7, 2011, deficiency notice for 2008. That petition was also signed and dated by petitioner as of October 22, 2015.

The Tax Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). In a case seeking the redetermination of a deficiency, the jurisdiction of the Court depends, in part, on the timely filing of a petition by the taxpayer. Rule 13(c), Tax Court Rules of Practice and Procedure; Brown v. Commissioner, 78 T.C. 215, 220 (1982). In this regard, section 6213(a), I.R.C., provides that the petition must be filed with the Court within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of

**2**

Columbia as the last day). The Court has no authority to extend this 90-day (or 150-day) period. Joannou v. Commissioner, 33 T.C. 868, 869 (1960).

Similarly, this Court's jurisdiction in a case seeking review of a determination under I.R.C. section 6320 or 6330 for a particular tax year depends, in part, upon the issuance of a valid notice of determination for that year by the Internal Revenue Service (IRS) Office of Appeals under section 6320 or 6330. I.R.C. secs. 6320(c), 6330(d)(1); Rule 330(b), Tax Court Rules of Practice and Procedure; Offiler v. Commissioner, 114 T.C. 492 (2000).

In pertinent part, I.R.C. section 6213(a) provides that:

> Except as otherwise provided * * * no assessment of a deficiency in respect of any tax * * * shall be made, begun, or prosecuted until such notice of deficiency has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proper proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.

In pertinent part, I.R.C. section 6330(e)(1) provides that:

> Notwithstanding the provisions of section 7421(a), the beginning of a levy or proceeding during the time the suspension under this paragraph is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates.

In his Response to respondent's motion to dismiss, petitioner primarily argues that the deficiency notices for 2003 through 2008 were not mailed to his last known address.[1]  Attached

---

[1]In pertinent part, in his Response petitioner states that "Petitioner is willing to abandon his claim of Respondent's failure to mail a Levy Collection Due Process hearing [notice] for all years and only pursue the argument that Respondent did not mail any notices of deficiency to Petitioner for years 2003 through * * * [2008].

as Exhibits A, B, C, D, E, and F to respondent's counsel Thomas A. Deamus' declaration are respective copies of the deficiency notices issued to petitioner for 2003, 2004, 2005, 2006, 2007, and 2008. Petitioner asserts that those deficiency notice were not mailed to petitioner's last known address because the Forms 3877 attached as Exhibits J, K, L, M, and N to Mr. Deamus' declaration, omit the total number of pieces listed by the sender, the total number of pieces received at the post office, and the signature of respondent's employee who issued the notice. Contrary to petitioner's argument, however, the properly completed Postal Service Forms 3877 here represent direct documentary evidence of the date and fact of mailing of those notices. Coleman v. Commissioner, 94 T.C. 82, 90 (1990); Magazine v. Commissioner, 89 T.C. 321, 324, 327 (1987). Those executed, postmarked Forms 3877 show petitioner's name, the 115 Oak Pines Boulevard address, and the certified mail article number for each notice of deficiency. Those Forms 3877 further bear a U.S. Postal Service postmark and are signed by a U.S. Postal Service employee. Cf. Bobbs v. Commissioner, T.C. Memo. 2005-272 at *2.[2]

A notice of deficiency that is mailed to the taxpayer's last known address in accordance with the procedures under I.R.C. section 6212(b)(1) is valid even if it is never actually received by the taxpayer. Pyo v. Commissioner, 83 T.C. 626, 632 (1984). Generally, a taxpayer's last known address is the address appearing on the taxpayer's most recently filed and properly processed Federal tax return, unless the Internal Revenue Service is given clear and concise notification of a different address. Sec. 301.6212-2(a), Proced. & Admin. Regs. The taxpayer has the burden of proving that the notice of deficiency was not sent to his last known address. Yusko v. Commissioner, 89 T.C 806, 808 (1987). In the instant case, petitioner has failed to show that the 115 Oak Pines Boulevard address to which respondent mailed the deficiency notices for 2003 through 2008 was not petitioner's last known address. Yusko v. Commissioner, supra at 808.

As discussed above, the record reflects that the petition was not filed timely as to the deficiency notices issued to petitioner for 2003 through 2008. The Court has no authority to extend the statutory period for filing a timely petition as to those notices. Axe v. Commissioner, 58 T.C. 256, 259 (1972). Accordingly, we are obliged to dismiss so much of this case relating to the deficiency notices for 2003 through 2008 for lack of jurisdiction.

---

[2]Indeed, in Bobbs v. Commissioner, supra, the Court found that the certified mailing list (which serves the same function as a Form 3877) submitted by the Commissioner in that case was incomplete and did not give rise to a presumption of proper mailing because it, among other things, was missing a postal employee signature (unlike here). Nonetheless, in Bobbs the Court noted that certified mailing list had a U.S. Postal Service postmark date, the address recorded on the certified mailing list was the same address used on the taxpayer's correspondence with the Commissioner, and the taxpayer did not dispute that address recorded on the certified mail list was the taxpayer's last known address (all of which apparently are likewise true in the instant case). Therefore, in Bobbs the Court held that the Commissioner had established by a preponderance of the evidence that the notice of deficiency was mailed to the taxpayer's last known address. Id. at *2-3.

**4**

- 5 -

As indicated above, in his Response petitioner does not dispute the jurisdictional allegations in respondent's motion to dismiss as to the notices of determination concerning collection action for 2003 through 2008. Accordingly, this case must be dismissed for lack of jurisdiction. I.R.C. secs. 6320(c), 6330(d)(1); Offiler v. Commissioner, supra; Rule 330(b), Tax Court Rules of Practice and Procedure.

We further thus must deny petitioner's motion to restrain. I.R.C. secs. 6213(a), 6330(e)(1).

The foregoing and the premises considered, it is

ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction, filed December 7, 2015, is granted and this case is dismissed for lack of jurisdiction. It is further

ORDERED that petitioner's Motion To Restrain, filed October 28, 2015, is denied.


**(Signed) Michael B. Thornton**
**Chief Judge**


ENTERED:    **FEB 03 2016**

**5**

# UNITED STATES TAX COURT
Washington, D.C. 20217

ERIC D. CLARKSON,                         )
                                          )
            Petitioner,                   )
                                          )
    v.                                    )     Docket No. 27236-15
                                          )
COMMISSIONER OF INTERNAL REVENUE,         )
                                          )
                                          )
            Respondent.                   )

## NOTICE OF APPEAL

Eric D. Clarkson, Petitioner, hereby gives Notice to the United States Tax Court that Petitioner is appealing the Order of Dismissal issued by the United States Tax Court pertaining to the Docket No. 27236-15, which was entered on February 3, 2016.

_3/17/16_
Date:

Eric D. Clarkson
115 Oak Pines Blvd.
Pemberton, NJ 08068-1930

6