# No. 16‑1673

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

ERIC D. CLARKSON,

Petitioner-Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee

## ON APPEAL FROM THE ORDER
## OF THE UNITED STATES TAX COURT

## BRIEF FOR THE APPELLEE

CAROLINE D. CIRAOLO
  *Principal Deputy Assistant Attorney General*

BRUCE R. ELLISEN        (202) 514-2929
JANET A. BRADLEY        (202) 514-2930
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

# TABLE OF CONTENTS

**PAGE**

Table of contents ......................................................................... i

Table of authorities ..................................................................... ii

Glossary ...................................................................................... viii

Statement of subject matter and appellate jurisdiction ........................ 1

Statement of the issue ................................................................. 4

Statement of related cases and proceedings ............................... 4

Statement of the case ................................................................. 4

      A.    Background: taxpayer's failure to file returns and to pay estimated taxes for 2003 through 2008 ........................ 5

           1.    The notices of deficiency ................................................. 5

           2.    The collection-due-process notices ............................... 7

      B.    The Tax Court proceeding ........................................................ 9

Summary of argument ........................................................... 13

Argument:

      The Tax Court correctly dismissed taxpayer's case for lack of jurisdiction because his petition was not timely filed from the notices of deficiency duly sent to him ...................................... 15

      Standard of review ..................................................................... 15

      A.    I.R.C. § 6212 requires that a notice of deficiency be sent to the taxpayer's last known address ................................... 15

      B.    Timely filing of a petition is a jurisdictional prerequisite to maintaining a suit in the Tax Court ............ 18

                                                                        **PAGE**

C.    The Tax Court correctly held that it lacked jurisdiction
      under I.R.C. § 6213 ............................................................20

D.    Taxpayer's arguments on appeal are without merit............23

Conclusion ..........................................................................................38
Certificate of bar membership ........................................................39
Statutory and regulatory addendum ...............................................40
Certificate of compliance ................................................................42
Certificate of service.......................................................................43

## TABLE OF AUTHORITIES

**Cases:**

*Adolphson v. Commissioner*
      (7th Cir. – No. 15-2242).........................................................4
*Armstrong v. Commissioner*,
      15 F.3d 970 (10th Cir. 1994) .........................................20, 36
*Automatic Radio Mfg. Co. v. Hazeltine Research Inc.*,
      339 U.S. 827 (1950) .............................................................29
*Bartman v. Commissioner*,
      446 F.3d 785 (8th Cir. 2006) ...............................................15
*Berger v. Commissioner*,
      404 F.2d 668 (3d Cir. 1968)..................................................16
*Bobbs v. Commissioner*,
      T.C. Memo. 2005-272, 2005 WL 3157919 (2005)...........18, 25
*Boccuto v. Commissioner*,
      277 F.2d 549 (3d Cir. 1960)................................16, 19-20, 23
*Bolker v. Commissioner*,
      760 F.2d 1039 (9th Cir. 1985) ..............................................29
*Christmas v. City of Chicago*,
      682 F.3d 632 (7th Cir. 2012) ................................................31
*Clarkson v. Commissioner* (Tax Ct. No. 14156-16).........................9

**Cases (cont'd):**                                          **Page(s)**

*Clough v. Commissioner,*
    119 T.C. 183 (2002) ............................................................ 33

*Commissioner v. McCoy,*
    484 U.S. 3 (1987) ................................................................ 18

*Correia v. Commissioner,*
    58 F.3d 468 (9th Cir. 1995) ........................................... 20, 23

*Cropper v. Commissioner,* __ F.3d __, No. 15-9003,
    2016 WL 3434747 (10th Cir. June 22, 2016) ........ 16-18, 22-25

*Daryl Maassen v. Commissioner*
    (8th Cir. – No. 16-1922) ........................................................ 4

*Davis v. Commissioner,*
    T.C. Memo. 2008-238, 2008 WL 4703706 (2008) ................. 20

*Delman v. Commissioner,*
    384 F.2d 929 (3d Cir. 1967) ........................... 16, 19-20, 23, 36

*Edwards v. Commissioner,*
    791 F.3d 1 (D.C. Cir. 2015) ................................. 16, 19-20, 26

*Ernest Portwine v. Commissioner*
    (10th Cir. – No. 15-9004) ....................................................... 4

*Fong v. Commissioner,*
    T.C. Memo. 2007-137, 2007 WL 1723723 (2007), *aff'd,*
    2009 WL 567867 (9th Cir. 2009) ......................................... 28

*Franks v. Commissioner,*
    T.C. Memo. 1986-470, 1986 WL 21670 (1986),
    *aff'd without pub. op.,* 828 F.2d 23 (9th Cir. 1987) ................. 2

*Freck v. IRS,*
    37 F.3d 986 (3d Cir. 1994) ................................................... 36

*Galluzo v. Commissioner,*
    564 F. App'x 656 (3d Cir. 2014) .......................................... 16

*Gorospe v. Commissioner,*
    451 F.3d 966 (9th Cir. 2006) ............................................... 15

*Gyorgy v. Commissioner,*
    779 F.3d 466 (7th Cir. 2015) .......................................... 16, 23

*Hartmann v. Commissioner,*
    417 F. App'x 191 (3d Cir. 2011) ....................................... 3, 18

*Hughes v. United States,*
    953 F.2d 531 (9th Cir. 1992) ............................................... 33

**Cases (cont'd):**                                                      **Page(s)**

*Kamholz v. Commissioner,*
    94 T.C. 11 (1990) ..................................................................20

*Keado v. United States,*
    853 F.2d 1209 (5th Cir. 1988) .......................................16-17

*Knudsen v. Commissioner,*
    T.C. Memo. 2015-69, 2015 WL 1534447 (2015)...................27

*Laing v. United States,*
    423 U.S. 161 (1976) ..............................................................15

*Landes v. Commissioner,*
    371 F. App'x 694 (8th Cir. 2010) ...................................20, 23

*Lingham v. Commissioner,*
    242 F.2d 750 (3d Cir. 1957)............................................20, 23

*Massie v. Commissioner,*
    T.C. Memo. 1995-173, 1995 WL 225549 (1995),
    *aff'd by unpub. op.,* 82 F.3d 423 (9th Cir. 1996) .................18

*McPartlin v. Commissioner,*
    653 F.2d 1185 (7th Cir. 1981) ..............................................24

*McQueeney v. Wilmington Trust Co.,*
    779 F.2d 916 (3d Cir.1985)...................................................34

*Meyer v. Commissioner,*
    T.C. Memo. 2013-268, 2013 WL 6169420 (2013).................27

*Mfum v. Commissioner,*
    523 F. App'x 183 (3d Cir. 2013) ...........................................35

*MRL Development I, LLC v. Whitecap Inv. Corp.,*
    823 F.3d 195 (3d Cir. 2016)............................................24, 37

*Mulder v. Commissioner,*
    855 F.2d 208 (5th Cir. 1988) ................................................24

*O'Neil v. Commissioner,*
    66 T.C. 105 (1976) ..................................................................2

*O'Rourke v. United States,*
    587 F.3d 537 (2d Cir. 2009)...........................17-18, 22, 25-26

*Pennsylvania Envtl. Def. Found. v. Canon-McMillan
    Sch. Dist.,* 152 F.3d 228 (3d Cir. 1998) ............................31-32

*Pietanza v. Commissioner,*
    92 T.C. 729 (1989), *aff'd without pub. op.,*
    935 F.2d 1282 (3d Cir. 1991)................................................26

## Cases (cont'd):                                                           Page(s)

*Portwine v. Commissioner,*
    T.C. Memo. 2015-29, 2015 WL 757374 (2015)
    (appeal pending 10th Cir. – No. 15-9004).................18, 25, 27
*Powell v. Commissioner,*
    958 F.2d 53 (4th Cir. 1992) ...................................................24
*Robinson v. United States,*
    920 F.2d 1157 (3d Cir. 1990)................................................19
*Shelton v. Commissioner,*
    63 T.C. 193 (1974) ...............................................................20
*Spurlock v. Commissioner,*
    T.C. Memo. 2003-124, 2003 WL 1987156 (2003)................33
*Sunoco, Inc. v. Commissioner,*
    663 F.3d 181 (3d Cir. 2011)..................................................15
*Terrell v. Poland,*
    744 F.2d 637 (8th Cir. 1984) ...............................................31
*United States v. Ahrens,*
    530 F.2d 781 (8th Cir. 1976) .........................16-17, 19, 26, 37
*United States v. Ali,*
    616 F.3d 745 (8th Cir. 2010) ...............................................34
*United States v. Isley,*
    386 F. App'x 117 (3d Cir. 2010) .....................................31-32
*United States v. Lockett,*
    601 F. App'x 325 (5th Cir. 2015)....................................33-34
*United States v. Moore,*
    375 F.3d 259 (3d Cir. 2004)..................................................31
*United States v. O'Callaghan,*
    500 F. App'x 843 (11th Cir. 2012) .......................................36
*United States v. Pelullo,*
    399 F.3d 197 (3d Cir. 2005).................................................24
*United States v. Williams,*
    796 F.3d 815 (7th Cir. 2015) ...............................................36
*United States v. Zolla,*
    724 F.2d 808 (9th Cir. 1984) ...............................................17

**Cases (cont'd):**                                                          **Page(s)**

*Visco v. Commissioner,*
    281 F.3d 101 (3d Cir. 2002)............................................29, 33

*Walden v. Georgia-Pacific Corp.,*
    126 F.3d 506 (3d Cir. 1997)....................................................32

*Webb v. Commissioner,*
    T.C. Memo. 1996-449, 1996 WL 558320 (1996)...................27

*Welch v. United States,*
    678 F.3d 1371 (Fed. Cir. 2012)................................16-18, 25

*Zigmont v. Commissioner,*
    T.C. Memo. 2009-48, 2009 WL 564949 (2009)...............20, 23

**Statutes:**

Internal Revenue Code (26 U.S.C):

    § 6201...............................................................................7
    § 6201(a) .........................................................................33
    § 6212.................................................................9-10, 13, 15-16
    § 6212(a) ...........................................................6, 15-16, 19
    § 6212(b) ....................................................................15, 23
    § 6213................................................................................9, 20
    § 6213(a) .............................2, 4-5, 7, 10, 12-13, 15, 18-21, 23
    § 6320..............................................................................8, 35
    § 6330..............................................................................8, 35
    § 6330(a)(2)(C) ...................................................................8
    § 6330(c)(2)(B) ...............................................................8, 35
    § 6330(c)(3) .........................................................................9
    § 6330(d) .................................................................2, 4, 34
    § 6503(a) ..........................................................................19
    § 6511(a) ..........................................................................36
    § 6532(a)(1) .....................................................................36
    § 6651(a)(1) .......................................................................6
    § 6654.................................................................................6
    § 7422(a) ..........................................................................36
    § 7482(a)(1) .......................................................................4
    § 7483.................................................................................4

**Statutes (cont'd):**                                                    **Page(s)**

28 U.S.C.:

§ 1346(a)(1) ............................................................................ 36
§ 1491(a)(1) ............................................................................ 36

**Regulations:**

Postal Regulations (39 C.F.R.):

§ 263.2 .................................................................................... 28

**Miscellaneous:**

Federal Rules of Appellate Procedure:

Rule 13(a) ............................................................................... 4

Fed. R. Civ. P.:

Rule 44 .................................................................................... 31
Rule 56(e) ............................................................................... 30

Fed. R. Evid.:

Rule 103(d) ............................................................................. 31
Rule 803(6) .........................................................................33-34
Rule 803(8) ............................................................................. 33
Rule 901(a) ............................................................................. 34
Rule 902 .................................................................................. 31
Rule 902(11) ........................................................................... 33

## GLOSSARY

CDP                         Collection due process

Code or I.R.C.              Internal Revenue Code (26 U.S.C.)

Commissioner                Commissioner of Internal Revenue

IRS                         Internal Revenue Service

PS                          Postal Service

PS Form 3877                Form 3877 or Certified Mail List

Taxpayer-Appellant          Eric D. Clarkson

USPS                        United States Postal Service

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

### No. 16-1673

_____

### ERIC D. CLARKSON,

**Petitioner–Appellant**

**v.**

### COMMISSIONER OF INTERNAL REVENUE,

**Respondent-Appellee**

_____

## ON APPEAL FROM THE ORDER
## OF THE UNITED STATES TAX COURT

_____

### BRIEF FOR THE APPELLEE

_____

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

On October 28, 2015, Eric D. Clarkson (taxpayer) filed a petition

in the Tax Court alleging that the IRS had failed for tax years 2003,

2004, 2005, 2006, 2007, and 2008 to (1) properly send notices of income

tax deficiency, and (2) issue a final notice of intent to levy.  (A. 9-10.)[1]

_____

[1]   "A." references are to the two-volume appendix filed by appellant.
"Doc." references are to the documents contained in the record on
appeal, as numbered by the Clerk of the Tax Court, which are not

(continued...)

At the same time, taxpayer filed a motion to restrain assessment or collection for those years.  (A. 11-15.)

The Tax Court's deficiency jurisdiction under I.R.C. § 6213(a) to redetermine deficiencies, or to restrain assessment or collection, is dependent upon a petition filed in the Tax Court within 90 days of a notice of deficiency.  The Tax Court's collection-due-process (CDP) jurisdiction under I.R.C. § 6330(d) is dependent upon the issuance of a notice of determination after a CDP hearing.

The Commissioner moved to dismiss taxpayer's petition, asserting that there was (1) no deficiency jurisdiction because taxpayer's petition was not timely filed from any of the six deficiency notices that were duly mailed to him commencing on October 15, 2007, through February 7, 2011, and (2) no CDP jurisdiction because no notice of determination had issued.  (A. 19-26.)[2]  The Commissioner also opposed taxpayer's

---

(… continued)
included in the appendix.  "Br." references are to appellant's opening brief.

[2]    The Tax Court's jurisdiction is limited to those tax years placed in issue by taxpayer's petition.  *O'Neil v. Commissioner*, 66 T.C. 105, 107-08 (1976); *Franks v. Commissioner*, T.C. Memo. 1986-470, 1986 WL 21670 (1986), *aff'd without pub. op.*, 828 F.2d 23 (9th Cir. 1987).  Thus,
(continued…)

motion to restrain.  (Docs. 7, 8.)  In reply, taxpayer stated that he was "willing to abandon" his CDP claim and "only pursue the argument that [the Commissioner] did not mail any Notices of Deficiency" to him.  (A. 220; *see* A. 5.)

In an order entered February 3, 2016, the Tax Court (Chief Judge Michael B. Thornton) granted the Commissioner's motion to dismiss taxpayer's petition for lack of jurisdiction and denied taxpayer's motion to restrain.  (A. 1-5.)  That order was a final, appealable order that disposed of all claims of all parties.

On March 21, 2016, within 90 days of the order of dismissal, taxpayer filed a notice of appeal.  (A. 6.)  On appeal, taxpayer is not challenging the Tax Court's dismissal of his case insofar as it held that it lacked CDP jurisdiction.  *See Hartmann v. Commissioner*, 417 F. App'x 191, 193 (3d Cir. 2011) (Tax Court's CDP jurisdiction "is triggered only when the IRS Office of Appeals issues a notice of determination and the taxpayer files a timely petition for review").  Taxpayer's appeal

---

(… continued)

to the extent that the Commissioner argued that the Tax Court lacked jurisdiction for 2009 through 2011 (*see* A. 22, 25), those years are not properly at issue.

-4-

is timely pursuant to I.R.C. § 7483 and Fed. R. App. P. 13(a). This Court's jurisdiction rests on I.R.C. § 7482(a)(1).

## STATEMENT OF THE ISSUE

Whether the Tax Court correctly dismissed taxpayer's case for lack of jurisdiction under I.R.C. § 6213(a), because his petition was not timely filed from the notices of deficiency duly sent to him.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not previously been before this Court. Counsel for the Commissioner are not aware of any related cases pending before this Court. Counsel are aware of the following appeals involving similar issues currently pending in other courts of appeals: *Daryl Maassen v. Commissioner* (8th Cir. – No. 16-1922); *Ernest Portwine v. Commissioner* (10th Cir. – No. 15-9004).[3]

## STATEMENT OF THE CASE

This case arises on account of taxpayer's failure to file federal income tax returns and to pay tax on his income for 2003, 2004, 2005, 2006, 2007, and 2008. On October 28, 2015, taxpayer filed a petition in

---

[3]    Taxpayer also cites to *Adolphson v. Commissioner* (7th Cir. – No. 15-2242). (Br. 3.) That appeal involves the Tax Court's CDP jurisdiction under I.R.C. § 6330(d), which is not at issue here.

the Tax Court claiming that the IRS failed properly to send notices of

deficiency for those years to him.  Taxpayer also filed a motion to

restrain assessment and collection.  The Commissioner moved to

dismiss the case for lack of jurisdiction under I.R.C. § 6213(a), because

taxpayer's petition was not filed within 90 days of the notices of

deficiency that the IRS had properly sent to taxpayer.  Having

determined that the IRS had duly sent the deficiency notices, the Tax

Court granted the Commissioner's motion to dismiss the case for lack of

jurisdiction and denied taxpayer's motion to restrain.

### A.    Background:  taxpayer's failure to file returns and to pay estimated taxes for 2003 through 2008

### 1.    The notices of deficiency

Taxpayer failed to file federal income tax returns and pay

estimated taxes for the years 2003 through 2008, which are the years in

issue.  (A. 17-127, 202-213.)  Taxpayer also failed to file returns for

2009, 2010, and 2011.  (A. 128-163, 214-219.)

The IRS mailed taxpayer six notices of deficiency, pursuant to I.R.C. § 6212(a), determining income tax deficiencies for 2003 through 2008 as follows:

| Tax year | Date of notice of deficiency | Amount of deficiency |
|---|---|---|
| 2003 | 02/25/2008 | $ 4,750 (A. 37) |
| 2004 | 10/15/2007 | $ 9,637 (A. 51) |
| 2005 | 10/15/2007 | $10,606 (A. 65) |
| 2006 | 12/15/2008 | $12,385 (A. 79) |
| 2007 | 06/14/2010 | $12,274 (A. 93) |
| 2008 | 02/07/2011 | $11,204 (A. 110) |

(A. 30-31, ¶¶(j)-(n); A. 164-169.)  The IRS also asserted penalties for failure to file returns (I.R.C. § 6651(a)(1)), and for failure to make estimated tax payments (I.R.C. § 6654).  (A. 37-127.)

The IRS mailed the deficiency notices by certified mail to taxpayer at 115 Oak Pines Boulevard, Pemberton, New Jersey 08068 ("Pemberton address").  (A. 19-20, ¶¶2, 3; A. 30-31, ¶¶(j)-(n); A. 164-169.)  That is the same address that taxpayer has used in this litigation, and he has not alleged that it was not his last known address.  (*See* A. 9, 15, 233.)

For each notice of deficiency, the IRS completed a PS Form 3877, Certified Mail List.[4] (A. 19-20, ¶3; A. 30-31, 164-169.)  These Forms showed that the notices of deficiency were mailed to taxpayer's Pemberton address by certified mail with the same date and certified tracking number listed on the corresponding notice, and each Form contained a dated USPS stamp from the Ogden, Utah, USPS office, with a signature of the receiving USPS employee.  (A. 164-169.)  The box on the Forms 3877 quantifying the "Total No. of Pieces Listed by Sender" was redacted.  (A. 164-169.)

Taxpayer failed to petition the Tax Court for a redetermination of any of the deficiencies within 90 days, as prescribed by I.R.C. § 6213(a), and, accordingly, the IRS assessed the deficiencies, pursuant to I.R.C. § 6201.  (A. 20-22, ¶¶4-6; A. 202-213.)

### 2.    The collection-due-process notices

When taxpayer did not pay the tax liabilities for 2003-2008 after notice and demand, the IRS sent taxpayer notices of federal tax lien filing and notices of intent to levy and of his rights to a CDP hearing

---

[4]    The USPS allows mailers, such as the IRS, to use privately generated Forms 3877, which contain the same information on the USPS Form.  *See* Domestic Mail Manual (DMM) 503.1.10.

with the IRS Office of Appeals, pursuant to I.R.C. §§ 6320 and 6330, as

follows (A. 23-24, ¶10; A. 32-33):

| Tax year(s) | Date of lien notice | Date of levy notice |
|---|---|---|
| 2003, 2006, 2007 | 08/11/2011 (A. 185-187) | 08/06/2012 (A. 175-180) |
| 2008 | 10/01/2013 (A. 191-193) | |
| 2004, 2005 | 09/25/2008 (A. 188-190) | 09/18/2008 (A. 205, 207) |

As of December 21, 2015, taxpayer owed total income tax, penalties,

and interest for 2003-2008 of $128,665.58. (A. 202-213.) At a CDP

hearing, the taxpayer may raise challenges to the existence or amount

of underlying tax liability for any tax period if the taxpayer did not

receive a notice of deficiency for such tax liability or did not otherwise

have opportunity to dispute such tax liability. I.R.C. § 6330(c)(2)(B).

Pursuant to I.R.C. § 6330(a)(2)(C), the levy notices were sent by

certified mail to taxpayer at the Pemberton address. (A. 32, ¶(s); A. 34,

175-180, 199, 202, 208, 210, 212.) The levy notice, dated August 6,

2012, for 2003, 2006, 2007, and 2008, was "refused or unclaimed" by

taxpayer. (A 24, ¶10; A. 199, 203, 209, 211, 213.) The levy notice,

dated, September 18, 2008, for 2004 and 2005, was not refused or

unclaimed by taxpayer. (A. 24, ¶10; A. 200, 205, 207.)

Taxpayer did not submit a request for a CDP hearing in response to the lien and levy notices issued for 2003-2008.  (A. 24-25, ¶11; A. 203, 205, 209, 211, 213.)  Accordingly, the IRS was not required to hold a CDP hearing and it was not required to issue a notice of determination. (A. 25, ¶14.)  *See* I.R.C. § 6330(c)(3).[5]

**B.    The Tax Court proceeding**

On October 28, 2015, taxpayer filed a petition in the Tax Court on which he checked the box "Notice of Deficiency," indicating the notices that he was disputing with respect to tax years 2003-2008.  (A. 9-10.) Taxpayer did not claim that he did not owe the asserted taxes or penalties.  Rather, taxpayer claimed that the IRS is barred from assessing or collecting the taxes because, allegedly, the IRS failed properly to mail notices of deficiency to his last known address as required by I.R.C. § 6212 and § 6213, and because he "never received" the notices of deficiency.  (A. 9-10.)  At the same time, taxpayer filed a

---

[5]    On June 20, 2016, taxpayer filed a petition in the Tax Court challenging notices of determination sustaining a proposed levy and tax lien resulting from his failure to file tax returns and pay taxes for tax years 2009 through 2012.  (Tax Ct. No. 14156-16.)

motion to restrain assessment or collection for 2003-2008.  (A. 11-19.)

Taxpayer used the Pemberton address.  (A. 10, 15.)

The Commissioner filed a motion to dismiss taxpayer's petition for

lack of jurisdiction under I.R.C. § 6213(a), because the petition was not

timely filed from the notices of deficiency for 2003-2008, which were

mailed, in accordance with I.R.C. § 6212, to taxpayer.  (A. 19-22, ¶¶2-

7.)[6]  To show that the deficiency notices were duly sent, the

Commissioner attached to his motion the declaration of Thomas A.

Deamus, an attorney employed by the IRS Office of Chief Counsel (A.

29-36), along with copies of the notices of deficiency (A. 37-126) and PS

Forms 3877, Certified Mail Lists (A. 164-169), which had matching

certified mailing numbers.  Because the Tax Court lacked jurisdiction,

Commissioner argued that taxpayer's motion to restrain should be

denied.  (Docs. 7, 8.)

Taxpayer opposed the Commissioner's motion, but he did not

dispute that his petition was untimely.  (A. 220-233.)  Rather, taxpayer

---

[6]   The Commissioner asserted that the 90-day period for filing a timely
petition expired as follows: May 26, 2008 for 2003; January 17, 2008 for
2004-2005; March 16, 2009 for 2006; September 13, 2010 for 2007; and
May 9, 2011 for 2008.  (A. 20-21, ¶4.)

argued that the assessment and collection actions for 2003-2008 were

invalid because he, allegedly, did not receive notices of deficiency for

those years, and the Commissioner did not show that the notices of

deficiency were mailed to him.  (A. 232-233.)  Taxpayer argued that the

Forms 3877 did not establish that the notices were mailed because

(1) the number of "Pieces Listed by Sender" is redacted, (2) the space for

the USPS employee to write down the number of pieces of mail

"Received at the P.O." is blank, and (3) the line provided for the

signature of the IRS employee, after "Notices Listed Hereon Were

Issued By: ___," is blank.  (A. 225-230.)  In addition, taxpayer claimed

that his search of the USPS tracking website on December 28, 2015,

indicated that the US Postal Service could not locate the tracking

information for the certified mail numbers, which showed that the IRS

did not mail any deficiency notice to him for 2003-2008.  (A. 231-232,

235-242.)  As relief, taxpayer requested that the court dismiss his case

because the IRS failed to properly mail deficiency notices.  (A. 232-233.)

He maintained that the dismissal "will have the declaratory effect of

invalidating the N[otices] O[f] D[eficiencie]s and any assessment or

collection actions that have been taken based on these NODs."  (A. 233.)

The Tax Court entered an order granting the Commissioner's
motion to dismiss for lack of jurisdiction and denying taxpayer's motion
to restrain.  (A. 1-5.)  The court rejected taxpayer's argument that the
Commissioner had failed to show through the PS Forms 3877 that the
IRS had duly sent the deficiency notices because the Forms were not
properly completed.  (A. 4 & n.2.)  The court found that the "executed,
postmarked Forms 3877 show [taxpayer's] name, the [Pemberton]
address, and the certified mail article number for each notice of
deficiency."  (A. 4.)  The court held that the Forms 3877 represent
"direct documentary evidence of the date and fact of mailing" of the
deficiency notices to taxpayer.  (A. 4.)  In addition, the court determined
that taxpayer had failed to show that the Pemberton address, where the
IRS mailed the deficiency notices, was not his "last known address," and
held that a properly mailed notice is "valid even if it is never actually
received by the taxpayer."  (A. 4.)  Accordingly, the court held that it
lacked jurisdiction under I.R.C. § 6213(a), because taxpayer's petition
was filed "more than 4 years beyond the expiration of the 90-day period
for filing a timely petition even as to the February 7, 2011, deficiency

notice of 2008." (A. 4.)  Finally, without jurisdiction, the Tax Court

denied taxpayer's motion to restrain.  (A. 5.)

## SUMMARY OF ARGUMENT

The Tax Court correctly held that it lacked jurisdiction under

I.R.C. § 6213(a).  When the IRS determines a deficiency in income tax,

it must send a notice of deficiency to the taxpayer before it attempts to

assess or collect the tax.  Under I.R.C. § 6212, the notice must be sent

by certified or registered mail to a taxpayer's "last known address."

Actual receipt of the notice is not required.  I.R.C. § 6213(a) provides

that a taxpayer has 90 days after the mailing of the notice to file a

petition in the Tax Court, and, during that time, the IRS is prohibited

from attempting to assess or collect the deficiency until the decision of

the Tax Court becomes final.

Jurisdiction under I.R.C. § 6213(a) to redetermine an asserted

deficiency (and to enjoin the IRS from attempting to assess or collection

a deficiency) is predicated upon both the issuance of a notice of

deficiency and a timely petition for redetermination.  The IRS

established proper mailing of the deficiency notices by presenting copies

of the notices, dated October 15, 2007 through February 7, 2011, and

Forms 3877.  Having found that the IRS had properly mailed the notices of deficiency to taxpayer, the Tax Court correctly dismissed taxpayer's petition, filed October 28, 2015, as untimely.

The Tax Court's order of dismissal for lack of jurisdiction is correct and should be affirmed.

## ARGUMENT

### The Tax Court correctly dismissed taxpayer's case for lack of jurisdiction because his petition was not timely filed from the notices of deficiency duly sent to him

### Standard of review

The Tax Court's dismissal of taxpayer's petition for lack of jurisdiction is reviewable *de novo*. *Gorospe v. Commissioner*, 451 F.3d 966, 968 (9th Cir. 2006); *Bartman v. Commissioner*, 446 F.3d 785, 787 (8th Cir. 2006); *see Sunoco, Inc. v. Commissioner*, 663 F.3d 181, 185 (3d Cir. 2011).

### A.  I.R.C. § 6212 requires that a notice of deficiency be sent to the taxpayer's last known address

When the IRS determines a deficiency in income tax, it must send a notice of deficiency to the taxpayer before it attempts to assess or collect the tax. I.R.C. § 6213(a). Code § 6212(a) authorizes the IRS to notify a taxpayer by certified or registered mail that a deficiency has been determined against him.[7] Code § 6212(b) provides that notice of a deficiency, "if mailed to the taxpayer at his last known address, shall be

---

[7]  For purposes relevant here, "[w]here there has been no tax return filed, the deficiency is the amount of tax due." *Laing v. United States*, 423 U.S. 161, 174 (1976).

sufficient" notice for purposes of I.R.C. § 6212(a). *See Delman v.
Commissioner*, 384 F.2d 929, 931 (3d Cir. 1967); *United States v.
Ahrens*, 530 F.2d 781, 784 (8th Cir. 1976). Thus, I.R.C. § 6212 does not
require actual receipt by the taxpayer for the notice of deficiency to be
valid. *See Berger v. Commissioner*, 404 F.2d 668, 673 (3d Cir. 1968);
*Boccuto v. Commissioner*, 277 F.2d 549, 552 (3d Cir. 1960); *Cropper v.
Commissioner*, __ F.3d __, No. 15-9003, 2016 WL 3434747, at *4 (10th
Cir. June 22, 2016); *Gyorgy v. Commissioner*, 779 F.3d 466, 473 (7th
Cir. 2015); *Keado v. United States*, 853 F.2d 1209, 1211-12 & n.9 (5th
Cir. 1988). If the IRS fails to prove that it properly mailed a deficiency
notice, any tax assessment or collection based on such notice is invalid.
*See Galluzo v. Commissioner*, 564 F. App'x 656, 659 (3d Cir. 2014);
*Cropper*, 2016 WL 3434747, at *4; *Edwards v. Commissioner*, 791 F.3d
1, 6 (D.C. Cir. 2015).

The IRS must prove that it mailed a deficiency notice to a
taxpayer "'by competent and persuasive evidence.'" *Cropper*, 2016 WL
3434747, at *4 (quoting *Welch v. United States*, 678 F.3d 1371, 1378
(Fed. Cir. 2012)); *see Galluzo*, 564 F. App'x at 659; *Ahrens*, 530 F.2d at
784-85. The IRS is entitled to a rebuttable presumption of proper

mailing if it (1) establishes the existence of a notice of deficiency and (2) produces a properly completed PS Form 3877, Certified Mail List, showing that the notice of deficiency was sent by certified mail to the taxpayer. *See Cropper*, 2016 WL 3434747, at *4; *Welch*, 678 F.3d at 1377; *O'Rourke v. United States*, 587 F.3d 537, 540-41 (2d Cir. 2009); *see also Ahrens*, 530 F.2d at 783, 785. If the presumption applies, the burden shifts to the taxpayer to rebut the presumption "by clear and convincing evidence." *Cropper*, 2016 WL 3434747, at *4; *see Keado*, 853 F.2d at 1214; *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984); *Ahrens*, 530 F.2d at 784-85 (Government's proof of mailing was "unrebutted by" Ahrens).

The IRS is not entitled to the presumption if it relies on a Form 3877 with less than all of the information completed. *Cropper*, 2016 WL 3434747, at *4; *see also O'Rourke v. United States*, 587 F.3d 537, 541 (2d Cir. 2009) (identifying certain omissions that render Form 3877 incomplete). When there is no dispute over the existence of a deficiency notice, but the IRS produces an incomplete Form 3877, the IRS generally "'must come forward with evidence corroborating an actual timely mailing of the notice of deficiency.'" *Cropper*, 2016 WL 3434747,

at *4 (quoting *Welch*, 678 F.3d at 1378-79). The IRS's proof of mailing

of a deficiency notice is "otherwise sufficient" where the IRS produces

Forms 3877 with "minor" defects, and the Forms "are date-stamped

with the date they were submitted to the Postal Service for mailing."

*Cropper*, 2016 WL 3434747, at *4; *O'Rourke*, 587 F.3d at 541. Minor

defects that do not preclude reliance on Forms 3877 include that the

Forms "weren't signed by a postal service employee and didn't indicate

how many pieces of mail the postal service employee received."

*Cropper*, 2016 WL 3434747, at *4. *Accord O'Rourke*, 587 F.3d at 540-41;

*Portwine v. Commissioner*, T.C. Memo. 2015-29, 2015 WL 757374, at *4-

*5 (2015) (appeal pending 10th Cir. – No. 15-9004); *Bobbs v.*

*Commissioner*, T.C. Memo. 2005-272, 2005 WL 3157919, *3 (2005);

*Massie v. Commissioner*, T.C. Memo. 1995-173, 1995 WL 225549, at *3

(1995), *aff'd by unpub. op.*, 82 F.3d 423 (9th Cir. 1996).

## B.    Timely filing of a petition is a jurisdictional prerequisite to maintaining a suit in the Tax Court

The Tax Court is a court of limited jurisdiction, and its power

depends upon express statutory authority. *Hartman v. Commissioner*,

417 F. App'x 191, 193 (3d Cir. 2011) (citing *Commissioner v. McCoy*, 484

U.S. 3, 6-7 (1987)). Code § 6213(a) grants the Tax Court jurisdiction to

redetermine an asserted deficiency, and to enjoin the IRS from attempting to assess or collect a deficiency and to refund amounts erroneously collected in certain situations. The Tax Court's jurisdiction under I.R.C. § 6213(a) is predicated upon both the issuance of a notice of deficiency pursuant to I.R.C. § 6212(a) and a timely petition for redetermination filed within 90 days of the notice of deficiency (or 150 days if the taxpayer is outside the United States). *See Robinson v. United States*, 920 F.2d 1157, 1160 (3d Cir. 1990) (quoting *Delman*, 384 F.2d at 934); *Bocutto*, 277 F.2d at 551; *Edwards*, 791 F.3d at 5.

If the taxpayer timely petitions the Tax Court within 90 days after the mailing of the notice of deficiency, the IRS is prohibited from attempting to assess or collect the deficiency in tax until the decision of the Tax Court becomes final. I.R.C. § 6213(a); *see Robinson*, 920 F.2d at 1158; *Ahrens*, 530 F.2d at 784. At the same time, I.R.C. § 6503(a) provides for a suspension of the statute of limitations on assessment and collection during the period in which the taxpayer may petition the Tax Court (and for 60 days thereafter), and, if the taxpayer files a petition in the Tax Court, until 60 days after the Tax Court's decision becomes final. *See Ahrens*, 530 F.2d at 784.

The failure to file a timely petition is a fatal jurisdictional defect.

Where, as here, the petition is untimely, the case must be dismissed for

lack of jurisdiction.  *See Delman*, 384 F.2d at 934; *Boccuto*, 277 F.2d at

552-53; *Lingham v. Commissioner*, 242 F.2d 750, 750 (3d Cir. 1957);

*Correia v. Commissioner*, 58 F.3d 468, 469 (9th Cir. 1995); *Armstrong v.

Commissioner*, 15 F.3d 970, 973 n.2 (10th Cir. 1994).  In addition, I.R.C.

§ 6213(a) provides that, in the absence of a timely petition for

redetermination, "[t]he Tax Court shall have no jurisdiction to enjoin

any action or proceeding or order any refund."  *See Landes v.

Commissioner*, 371 F. App'x 694, 695 (8th Cir. 2010); *Zigmont v.

Commissioner*, T.C. Memo. 2009-48, 2009 WL 564949, at *4-*5 (2009);

*Davis v. Commissioner*, T.C. Memo. 2008-238, 2008 WL 4703706, at *5

(2008); *Kamholz v. Commissioner*, 94 T.C. 11, 15 (1990).  If the Tax

Court dismisses the case because the taxpayer did not file a timely

petition, the IRS is free to assess and collect the tax.  *Edwards*, 791

F.3d at 6; *Shelton v. Commissioner*, 63 T.C. 193, 194, 197 (1974).

## C. The Tax Court correctly held that it lacked jurisdiction under I.R.C. § 6213

On October 28, 2015, taxpayer filed a petition in the Tax Court,

along with a motion to restrain, asserting that the IRS is barred from

assessing or collecting taxes for tax years 2003-2008, because, allegedly, the IRS had not properly mailed notices of deficiency. (A. 9-17.) The Commissioner moved to dismiss taxpayer's petition for lack of jurisdiction under I.R.C. § 6213(a), because the petition was not timely filed from any of the notices of deficiency for 2003-2008, which were duly sent to taxpayer's last known Pemberton address starting on October 15, 2007 through February 7, 2011. (A. 18-26; Doc. 7, 8.) To show that that the deficiency notices were duly sent to taxpayer, the Commissioner supported his motion with the Deamus declaration (A. 29-36), along with copies of the six deficiency notices addressed to taxpayer's Pemberton address (A. 37-126), and copies of the Forms 3877 (A. 164-172), which bore USPS stamps and correctly listed taxpayer's address as well as the same certified mail tracking numbers on the notices of deficiency.

In his opposition to the motion to dismiss (A. 220-233), taxpayer did not dispute that the deficiency notices existed, or that Pemberton address was his last known address. Nor did he challenge the admissibility of the Deamus declaration or the deficiency notices and Forms 3877. Rather, taxpayer argued that the Forms 3877 were not

properly completed so that the Commissioner failed to establish that the IRS duly sent the deficiency notices.  (A. 224-233.)

The Tax Court properly rejected taxpayer's argument.  The court correctly held that the executed, postmarked, and properly addressed Forms 3877, with certified mail numbers matching those on the deficiency notices, represent "direct documentary evidence of the date and fact of mailing" of the deficiency notices to taxpayer.  (A. 4.)  The court correctly concluded (A. 4 n.2) that the minor defects in the Forms 3877 on which taxpayer focused in the Tax Court (A. 225-230) and on appeal (Br. 13-15) do not preclude reliance on the Forms.  *See Cropper*, 2016 WL 3434747, at *4 ("The IRS' proof of mailing is 'otherwise sufficient' here because the IRS produced copies of all three deficiency notices, the defects in the PS Forms 3877 are minor, and the Forms 3877 are date-stamped with the date they were submitted to the Postal Service for mailing."); *O'Rourke*, 587 F.3d at 541-42 (copy of notice of deficiency and Form 3877 were sufficient to establish mailing even though Form 3877 "did not state the number of pieces of mail received by the Post Office, and it lacked the signature or initials of a Postal Service employee").

The Tax Court also correctly determined that a properly mailed notice is "valid even if it is never actually received by the taxpayer." (A. 4.) *See Boccuto*, 277 F.2d at 552; *Cropper*, 2016 WL 3434747, at *4; *Gyorgy*, 779 F.3d at 473. As such, the Tax Court correctly held that taxpayer's petition, filed on October 28, 2015, was filed "more than 4 years beyond the expiration of the 90-day period for filing a timely petition" even as to the last deficiency notice for 2008 sent on February 7, 2011, and that it was "obliged to dismiss" the petition for lack of jurisdiction under I.R.C. § 6213(a). (A. 4.) *See Delman*, 384 F.2d at 934; *Boccuto*, 277 F.2d at 552; *Lingham,* 242 F.2d at 750; *Correia*, 58 F.3d at 469. The Tax Court also correctly denied taxpayer's motion to restrain because it had no jurisdiction under I.R.C. § 6213(a) to do so without a timely petition for a redetermination of the deficiency. (App. 5.) *See Landes*, 371 F. App'x at 695; *Zigmont*, T.C. Memo. 2009-48, 2009 WL 564949, at *4-*5.

### D.    Taxpayer's arguments on appeal are without merit

1. On appeal, taxpayer does not challenge the Tax Court's holding (A. 4) that he failed to show that the Pemberton address was not his "last known address," as required by I.R.C. § 6212(b). Therefore, that

argument is waived. *See MRL Development I, LLC v. Whitecap Inv. Corp.,* 823 F.3d 195, 207 (3d Cir. 2016); *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005). Accordingly, taxpayer's discussion (Br. 9-11) of *Mulder v. Commissioner*, 855 F.2d 208, 212 (5th Cir. 1988), *McPartlin v. Commissioner*, 653 F.2d 1185, 1191 (7th Cir. 1981), and *Powell v. Commissioner*, 958 F.2d 53, 55 (4th Cir. 1992), where the courts held that the deficiency notices were not mailed to the taxpayer's last known address, is irrelevant here. *See Cropper*, 2016 WL 3434747, at *5 n.6 (cases in which IRS sent notice of deficiency to incorrect address do not aid taxpayer in case in which IRS did use taxpayer's last known address).

Taxpayer argues that the Tax Court could not rely on the Forms 3877 to show that the deficiency notices were duly mailed because the Forms were not signed by an IRS employee and did not indicate how many pieces of mail the postal service employee received. (Br. 15.) But taxpayer's argument was squarely rejected by the Tenth Circuit in *Cropper*, which held that the IRS can establish that a notice of deficiency was properly mailed by submitting a copy of the notice of deficiency and a Form 3877, even where the Form 3877 has minor

defects.  2016 WL 3434747, at *4.[8]  *Accord O'Rourke*, 587 F.3d at 541;

*Portwine*, T.C. Memo. 2015-29, 2015 WL 757374, at *4-*5; *Bobbs*, T.C.

Memo. 2005-272, 2005 WL 3157979, at *3.

Taxpayer's discussion of *Welch v. United States*, 678 F.3d 1371,

1381 (Fed. Cir. 2012), as it pertains to the "deficient" proof of mailing in

that case for the 1995 tax year (Br. 15-16), has no application here.  For

that year a Form 3877 and a copy of the notice of deficiency were *not* in

evidence (raising a question about the existence of the notice of

deficiency), and the Federal Circuit rejected the Government's reliance

on the declaration of an IRS employee explaining office procedures to

establish the mailing of the deficiency notice.  678 F.3d at 1380-81.[9]

---

[8]    Taxpayer's attorney fails to mention *Cropper* in his opening brief
even though he was counsel for Cropper in that appeal.

[9]    To the extent that *Welch* requires the Government to come forward
with an affidavit of IRS personnel having actual personal knowledge of
the notice of deficiency and its mailing, we submit that the Federal
Circuit has set an unattainable administrative standard.  It is simply
asking too much to require IRS employees to keep track of their
personal involvement in the preparation and mailing of each and every
deficiency notice, and to require Government counsel years later to
locate such employee who may or may not still work for the IRS.
Because the preparation and mailing of deficiency notices are within
the scope of IRS duties, evidence showing established office procedures
should be sufficient where there is not a copy of the notice of deficiency.
(continued...)

Here, by contrast, the IRS produced copies of the notices of deficiency

(A. 37-127) and the Forms 3877 (A. 164-169).  (App. 91-92.)

We also fail to understand the relevance of taxpayer's discussion

(Br. 16-17) of *Pietanza v. Commissioner*, 92 T.C. 729, 741 (1989), *aff'd*

*without pub. op.*, 935 F.2d 1282 (3d Cir. 1991), because in that case, as

he states, "there was no notice of deficiency" (Br. 16), unlike the instant

case.  *See O'Rourke*, 587 F.3d at 541 n.3 ("This case is, therefore, quite

unlike *Pietanza* . . . where the IRS failed to establish that a valid final

notice of deficiency was ever prepared.").  Nonetheless, in *Pietanza*, the

Tax Court held that a Form 3877, along with some corroborating

evidence such as evidence of how the Commissioner prepared and

mailed the notice of deficiency, would be sufficient to prove the mailing

of the notice of deficiency.  *See* 92 T.C. at 741.  Following *Pietanza*, the

Tax Court has held that the Commissioner established proper mailing

of a notice of deficiency with a Form 3877 and testimony of an IRS

---

(... continued)

*See Edwards*, 791 F.3d at 7 (to determine mailing of deficiency notices, the Tax Court can evaluate "evidence of various circumstances, such as the IRS's regular practices for creating and mailing notices"); *Ahrens*, 530 F.2d at 784 (in absence of copy of notice of deficiency, the government was not required to produce an affidavit of the IRS employee who completed the specific PS Form 3877 in question).

supervisor "who described the established procedures surrounding the preparation and mailing of the notices of deficiency." *Webb v. Commissioner*, T.C. Memo. 1996-449, 1996 WL 558320, at *5 (1996).

And, contrary to taxpayer's claim, based on *Knudsen v. Commissioner*, T.C. Memo. 2015-69, 2015 WL 1534447 (2015), and *Meyer v. Commissioner*, T.C. Memo. 2013-268, 2013 WL 6169420 (2013), an "improperly completed Form 3877" does not, in and of itself, "fail[] to establish the mailing of [the deficiency] notices." (Br. 17.) In *Knudsen*, a CDP case, the Tax Court held that the question whether the IRS had established the mailing of the deficiency notice where the Forms 3877 had some omissions, was properly decided at trial, not summary judgment. The court stressed that it had held in *Portwine*, T.C. Memo. 2015-29, 2015 WL 757374, that the omissions "do not necessarily preclude a decision in favor of [the Commissioner] with respect to the proper mailing of the notices of deficiency." *Knudsen*, 2015 WL 1534447, at *6. Taxpayer's reliance on *Meyer*, another CDP case, is also misplaced, because in that case, unlike here, the Commissioner did not obtain a copy of the deficiency notice and relied on the Form 3877 *alone*, which had several defects.

Finally, there is no merit to taxpayer's continued assertion that the Forms 3877 failed to demonstrate his "receipt" of the notices of deficiency, because his search of the US Postal Service's website in December 2015, for tracking the delivery of the certified mailing numbers used years earlier in 2007 through 2011, could not locate tracking information on the deficiency notices.  (Br. 17-18; *see* A. 235-242.)  As explained above at p. 16, it is irrelevant whether taxpayer received the deficiency notices.  The Commissioner was required only to establish that the deficiency notices were properly mailed and not that they were received.  In any event, the US Postal Service, in established retention periods, indicates that records regarding certified mail delivery confirmation are only kept for two years.  *See* 39 C.F.R. § 263.2; The USPS Handbook PO-610, Signature Capture and Electronic Record Management: Manager's Guide to Standard Operating Procedures, § 4-5.1.1d Retention (www.nalc.org/workplace-issues/body/PO-610-rev-thru-August-14-2008-Signature-Capture-and-Electronic-Record-Management.pdf)[10]; *Fong v. Commissioner*, T.C. Memo. 2007-137, 2007

---

[10]    The Handbook provides that the national database keeps electronic records for "Certified Mail, COD, inbound international accountable
(continued...)

WL 1723723, at *3 (2007), *aff'd*, 2009 WL 567867 (9th Cir. 2009).  As a result, proof of delivery (or nondelivery) of the deficiency notices sent in 2007 through 2011 was no longer available on the internet when taxpayer was conducting his research on December 28, 2015.

2.  There is no merit to taxpayer's argument that the Tax Court plainly erred in considering the declaration of IRS attorney Deamus and the exhibits attached to the Commissioner's motion to dismiss for lack of jurisdiction.  (Br. 7, 19-35.)  As a threshold matter, because taxpayer admittedly did not raise this argument below (Br. 2, 29), it is therefore waived.  *See Visco v. Commissioner*, 281 F.3d 101, 104 (3d Cir. 2002) ("claims were not raised before the Tax Court, we will not consider them"); *Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir. 1985).

In any event, *Automatic Radio Mfg. Co. v. Hazeltine Research Inc.*, 339 U.S. 827, 831 (1950), does not support taxpayer's argument (Br. 19) that the Tax Court erred in considering the Deamus declaration (A. 29-36) for lack of personal knowledge of the facts.  In that case, the district

(... continued)

mail, insured mail, Registered Mail, and return receipt for merchandise: 2 years."

court granted Hazeltine's motion for summary judgment, and the court

of appeals affirmed.  The Supreme Court, in affirming the judgment,

noted that it would disregard the affidavit of Automatic Radio's

attorney in support of its countermotion for summary judgment,

because there was "nothing available in the record to support the

averment," which did "not comply" with Fed. R. Civ. P. 56(e).  The

remainder of cases cited by taxpayer likewise concern attorney

affidavits submitted with summary judgment motions that were

insufficient because they were not based on personal knowledge of the

facts.  (Br. 20-23.)

Taxpayer's argument is wholly irrelevant here where the

Commissioner filed a motion to dismiss the case for lack of jurisdiction

and not a motion for summary judgment.  Moreover, contrary to

taxpayer's assertion (Br. 23), the Deamus declaration was based on

Deamus' personal knowledge of the facts.  Deamus stated that "[i]n his

capacity as the attorney to whom the [above] case is assigned" he was in

"possession of [the Commissioner's] files in this case, which consist of

the following" (A. 29), including the notices of deficiency and Forms

3877 (A. 29-32, 37-169).  And there was no indication that the

documents attached thereto were anything else than actual IRS business records.

Taxpayer argues (Br. 23-35), for the first time on appeal, that the copies of the notices of deficiency and the Forms 3877 were not admissible as public records and were not self-authenticated under Fed. R. Civ. Evid. 902 or proved under Fed. R. Civ. P. 44. As a threshold matter, taxpayer's failure to object to these documents in the Tax Court constitutes, as he acknowledges (Br. 29), a waiver of the argument. *See United States v. Isley*, 386 F. App'x 117, 120 n.3 (3d Cir. 2010); *Terrell v. Poland*, 744 F.2d 637, 638-39 (8th Cir. 1984); *Christmas v. City of Chicago*, 682 F.3d 632, 640 (7th Cir. 2012).

In the event his argument is not waived, taxpayer agrees that he must show "plain error." (Br. 29-30.) *See United States v. Moore*, 375 F.3d 259, 262 (3d Cir. 2004); Fed. R. Evid. 103(d). To find plain error: (1) there must have been an actual error in the form of a violation of or a deviation from a legal rule; (2) the error must have been clear and obvious under the law at the time; and (3) the error must have affected substantial rights in that it was prejudicial and affected the outcome of the proceedings. *Pennsylvania Envtl. Def. Found. v. Canon-McMillan*

-32-

*Sch. Dist.*, 152 F.3d 228, 234 (3d Cir. 1998); *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 517, 520-21 (3d Cir. 1997). This Court exercises its discretionary power of plain error review sparingly and with extreme caution in the civil context, limiting itself to instances when the error is so serious and flagrant that it jeopardizes the very integrity of the proceedings. *Pennsylvania Envtl. Def. Found.*, 152 F.3d at 234; *Walden*, 126 F.3d at 520-21.

Contrary to taxpayer's claim, he has not shown plain error. (Br. 31-35.) He not only failed to object to the Commissioner's exhibits that supported the motion to dismiss, but, in opposing such motion, he presumed that they were authentic in pressing his principal argument that they were insufficient to show that the notices of deficiency were sent to him. (A. 220-221, 228-230.) There is nothing in the record indicating that the exhibits were anything other than official records, and taxpayer has shown no prejudice regarding the authenticity of the exhibits. *See, e.g.*, *Isley*, 386 F. App'x at 120 (rejecting taxpayers' claim of plain error, and stating that even if there were plain error, Court would decline remand because taxpayers "mustered no showing of

-33-

actual prejudice regarding the authenticity of the forms"); *Visco*, 281 F.3d at 104 (rejecting taxpayer's claim of plain error).

In any event, the notices of deficiency and Forms 3877 are admissible as records kept in the course of a regularly conducted business activity under Fed. R. Evid. 803(6).  *See Spurlock v. Commissioner*, T.C. Memo. 2003-124, 2003 WL 1987156, at *4-*5 (2003); *Clough v. Commissioner*, 119 T.C. 183, 190 (2002).  The deficiency notices are also admissible as public records under Fed. R. Evid. 803(8), as they resulted from a Government investigation pursuant to authority granted by law, *viz.*, the Secretary of the Treasury's mandate "to make inquiries, determinations, and assessments of all taxes" pursuant to I.R.C. § 6201(a).  *See United States v. Lockett*, 601 F. App'x 325, 327 (5th Cir. 2015) (official IRS documents are admissible as public records under Fed. R. Evid. 803(8); *Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1992) (same).

The documents are self-authenticating under Fed. R. Evid. 902(11) because the business records, together with Deamus' supporting declaration, were available for inspection "so that the party has a fair opportunity to challenge them."  *See Spurlock*, 2003 WL 1987156, at *5-

*6; *see also United States v. Ali*, 616 F.3d 745, 751-52 (8th Cir. 2010)

(bank records certified by custodian of records were properly admissible

under Fed. R. Evid. 803(6) and were self-authenticating under Rule

902(11)).  Moreover, because taxpayer does not argue that the

documents are not what they purport to be, they were properly

authenticated under Fed. R. Evid. 901(a).  This Court has recognized

that "circumstantial evidence may . . . suffice to authenticate a

document" and that "[t]he burden of proof for authentication is slight":

"[a]ll that is required is a foundation from which the fact-finder could

legitimately infer that the evidence is what the proponent claims it to

be."  *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 928 (3d

Cir.1985) (internal citations and quotations omitted).  Here Rule 901's

requirement was satisfied.[11]

---

[11]    Taxpayer also argues that the IRS account transcripts (A. 202-219;
*see* A. 34-35) were inadmissible as business records.  (Br. 26-29.)  But
the question of the admissibility of the account transcripts has no
bearing on this appeal because (1) the Commissioner relied on the
account transcripts only in connection with his argument that the Tax
Court lacked CDP jurisdiction under I.R.C. § 6330(d) (A. 23-25), (2)
taxpayer abandoned his CDP claim (A. 220; *see* A. 5), and (3) the Tax
Court did not refer to the account transcripts in its order of dismissal
(A. 1-5).  At all events, such account transcripts are properly admissible.
*See Lockett*, 601 F. App'x at 327 (rejecting argument that IRS account
(continued...)

Even aside from the evidentiary matters, taxpayer has not shown plain error. His claim that he "is clearly harmed and his substantial rights are affected because he now confronts substantial IRS collection activities with no opportunity for any administrative or judicial review" (Br. 34) is disingenuous. As discussed above at pp. 7-9, the IRS sent taxpayer three notices of federal tax lien filing and two notices of intent of intent to levy, which advised him of his rights to a CDP hearing with the IRS Office of Appeals under I.R.C. §§ 6320 and 6330 for 2003-2008. (A. 23-24, ¶10; A. 32-33, 175-180, 185-187, 188-190, 205, 207.) At a CDP hearing, taxpayer could have challenged the existence or amount of his underlying tax liability if he did not receive a notice of deficiency for such tax liability. I.R.C. § 6330(c)(2)(B); *see Mfum v. Commissioner*, 523 F. App'x 183, 184 (3d Cir. 2013). Taxpayer, however, did not submit a request for a CDP hearing. (A. 24-25, ¶11; A. 203, 205, 209, 211, 213.) Thus, taxpayer failed to take advantage of his opportunities for administrative and judicial review of the IRS's collection actions.

---

(… continued)

transcripts "were inadmissible because they were produced for purposes of litigation"; they "reflected information that was previously recorded in Lockett's IMF [computerized Individual Master File] in the course of the IRS's regular, ongoing collection of data about Lockett").

Moreover, even in the instant case taxpayer has not claimed that he does not owe the asserted taxes and penalties.[12]

3.  In sum, taxpayer seeks to cast doubt regarding the proper certified mailing of the deficiency notices based only on his bare assertion that the IRS did not send them to him.  Significantly, however, taxpayer, like any other postal customer, need not accept delivery of a certified mailing from the USPS.  *Cf. United States v. Williams*, 796 F.3d 815, 817 (7th Cir. 2015) ("people who receive formal notices cannot avoid liability by not opening the envelopes, or throwing the contents away after realizing that they bring unwelcome news").  Taxpayer has offered no evidence that the IRS failed properly to discharge its official statutory obligation in sending the deficiency notices.  *See United States v. O'Callaghan*, 500 F. App'x 843, 848-49 (11th Cir. 2012) (taxpayer offered no "direct" or "clear evidence"

---

[12]    We note that a ruling in favor of the Commissioner in this case does not leave taxpayer without a remedy if he does wish to challenge the merits of the deficiencies.  He still has the option to pay the taxes and penalties owed, file an administrative claim for refund, and bring a suit for refund in the district court or the Court of Federal Claims.  *See* I.R.C. §§ 6511(a), 6532(a)(1), 7422(a); 28 U.S.C. §§ 1346(a)(1), 1491(a)(1); *Delman*, 384 F.2d at 934; *Armstrong*, 15 F.3d at 973 n.2; *see also Freck v. IRS*, 37 F.3d 986, 993 n.13 (3d Cir. 1994).

contradicting Government's position that it mailed deficiency notice but, rather, only his mere denial of receipt); *Ahrens*, 530 F.2d at 785 (taxpayers offered no "rebuttal proof" contrary to Government's position that it mailed deficiency notice, and district court erred in holding that Government should have provided the testimony of IRS personnel that had handled deficiency notice).  The Tax Court correctly held that the Commissioner established that the IRS properly mailed notices of deficiency to taxpayer.  (A. 4.)[13]

---

[13]    Taxpayer does not specifically challenge the Tax Court's denial of his motion to restrain, and, accordingly, that argument is waived.  *See MRL Development I, LLC,* 823 F.3d at 207.  In any event, for the reasons explained above at pp. 23, the Tax Court correctly denied taxpayer's motion to restrain for lack of jurisdiction.  (A. 5.)

# CONCLUSION

The Tax Court's order of dismissal is correct and should be affirmed.

Respectfully submitted,

CAROLINE D. CIRAOLO
 *Principal Deputy Assistant Attorney General*

/s/ JANET A. BRADLEY

BRUCE R. ELLISEN          (202) 514-2929
JANET A. BRADLEY          (202) 514-2930
 Appellate.TaxCivil@usdoj.gov
 Janet.A.Bradley@usdoj.gov
 District of Columbia Bar #414363
 *Attorneys*
 *Tax Division*
 *Department of Justice*
 *Post Office Box 502*
 *Washington, D.C. 20044*

AUGUST 2016

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to Local Rule 28.3(d), it is hereby certified that, because the attorneys on this brief represent the Federal Government, the requirement that at least one attorney must be a member of the Bar of this Court is waived.

/s/ JANET A. BRADLEY
JANET A. BRADLEY
*Attorney for the Appellee*

## STATUTORY AND REGULATORY ADDENDUM

**Internal Revenue Code (I.R.C.):**

**I.R.C. § 6212.  NOTICE OF DEFICIENCY**

(a)  In general.–If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

(b)  Address for Notice of Deficiency.–

(1)  Income and Gift Taxes and Certain Excise Taxes.–In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 42, chapter 43, or chapter 44 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

\*            \*            \*            \*

## SEC. 6213.    RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITIONS TO TAX COURT.

(a)  Time for filing petition and restriction on assessment.–Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.  Except as

otherwise provided in section 6851, 6852, or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.  Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. * * *

*               *               *               *

# CERTIFICATE OF COMPLIANCE

# WITH TYPE VOLUME LIMITATION

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

[X] this brief contains __7,410__ words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[ ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14‑point Century Schoolbook, or

[ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

3. The undersigned hereby further certifies that the foregoing brief filed electronically with the Court is in PDF searchable format, that the text of the PDF copy is identical to the text of the paper copy, that the PDF version has been electronically scanned for viruses with the System Center 2012 Endpoint Protection program (updated daily), and that, according to the program, no viruses were detected.

(s) __/s/ JANET A. BRADLEY__

Attorney for __the appellee__

Date:  August 18, 2016

**CERTIFICATE OF SERVICE**

It is hereby certified that, on August 18, 2016, this brief was filed with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system and seven paper copies were sent to the Clerk by U.S. First Class Mail.  Counsel for the appellant was served electronically by the Notice of Docket Activity transmitted by the CM/ECF system.

_/s/ JANET A. BRADLEY_____
JANET A. BRADLEY
*Attorney for the Appellee*