# Case No. 16-1673

## *IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT*

---

### ERIC D. CLARKSON,

Appellant,

v.

### COMMISSIONER OF INTERNAL REVENUE,

Appellee.

---

ON APPEAL FROM THE DECISION OF
THE UNITED STATES TAX COURT
HON. MICHAEL B. THORNTON, JUDGE
(Tax Court Case No. 27236-15)

---

### REPLY BRIEF OF APPELLANT CLARKSON

---

Lowell H. Becraft, Jr.
Attorney for Appellant
403-C Andrew Jackson Way
Huntsville, Alabama 35801
256-533-2535
becraft@hiwaay.net

September 2, 2016

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Cases, Statutes and Other Authorities. . . . . . . . . . . . . . . . . . . . . . . . . ii

Argument in Reply. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issue 1: Did the Tax Court err in its decision entered on February 3, 2016?. . . . . . 1

Issue 2: Did the Tax Court plainly err in considering in its judgment the declaration

of Thomas Deamus and the exhibits attached thereto?. . . . . . . . . . . . . . . . . . . . . 8

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Bar Membership. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES

Cases:                                                                    Page:

*Barnett v. Okeechobee Hosp.*, 283 F.3d 1232 (11th Cir. 2002). . . . . . . . . . . . . . . 3

*Barnes v. CIR*, T.C.Memo 2010-30.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Barrs v. Lockheed Martin Corp.*, 287 F.3d 202 (1st Cir. 2002). . . . . . . . . . . . . 2, 3

*Butti v. CIR*, T.C. Memo. 2008-82. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920 (9th Cir. 1987). . . . . . . . . . . 10

*Chambers v. United States*, 357 F.2d 224 (8th Cir. 1966). . . . . . . . . . . . . . . . . . 10

*Coleman v. CIR*, 94 T.C. 82. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Custer v. Murphy Oil USA Inc.*, 503 F.3d 415 (5th Cir.2007). . . . . . . . . . . . . . . . 2

*Elkins v. United States*, 364 U.S. 206, 80 S.Ct. 1437 (1960). . . . . . . . . . . . . . . . . 2

*Flores v. United States*, 551 F.2d 1169 (9thCir. 1977).. . . . . . . . . . . . . . . . . . . . . 2

*Galluzo v. CIR*, T.C. Memo. 2013-136, affirmed 564 F. App'x 656
(3d Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re 15 Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997). . . . 12

*In re Yoder Co.*, 758 F.2d 1114 (6th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jarvis v. CIR*, 78 T.C. 646.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Koerner v. CIR*, T.C. Memo. 1997-144.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Konst v. Florida East Coast Railway Co.*, 71 F.3d 850 (11th Cir. 1996). . . . . . . 3

*Kyhn v. Shinseki*, 716 F.3d 572 (Fed Cir.2013). . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314 (3d Cir. 2014).. . . . . . . . . . . . 2

*Meyer v. CIR*, T.C. Memo. 2013-268. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Mudd v. CIR*, T.C. Memo 2002-204. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nunley v. City of Los Angeles*, 52 F.3d 792 (9th Cir.1995). . . . . . . . . . . . . . . . . . 3

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192 (3d
Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Reserve Insurance Co. v. Johnson*, 260 Iowa 740, 150 N.W.2d 632 (1967). . . . . . 1

*Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274 (3d Cir.2007).. . . . . . . . . . . . . . . . 2

*Turner v. CIR*, 812 F.2d 650 (11th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Dibble*, 429 F.2d 598 (9th Cir. 1970). . . . . . . . . . . . . . . . . . . . . 10

*United States v. Hannigan*, 27 F.3d 890 (3d Cir.1994). . . . . . . . . . . . . . . . . . . . . 2

*Upjohn Co. v. United States*, 449 U.S. 383, 101 S. Ct. 677 (1981). . . . . . . . . . . . 8

*Wheat v. CIR*, T.C. Memo. 1992-268. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Witt v. Roadway Express*, 136 F.3d 1424 (10th Cir.1998). . . . . . . . . . . . . . . . . . . 3

Rules:

Rule 12, F.R.Civ.P.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Rule 56, F.R.Civ.P.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Rule 40, Tax Court Rules of Practice and Procedure. . . . . . . . . . . . . . . . . . . 10, 11
Rule 53, Tax Court Rules of Practice and Procedure. . . . . . . . . . . . . . . . . . . . . 10
Rule121, Tax Court Rules of Practice and Procedure. . . . . . . . . . . . . . . . . . . . . 11

## ARGUMENT IN REPLY

**ISSUE 1: Did the Tax Court err in its decision entered on February 3, 2016?**

The central factual issue relevant to this appeal is whether the disputed proof submitted to the Tax Court regarding the mailing of the subject notices of deficiencies to Clarkson demonstrated that such notices had in fact been mailed. Clarkson contends in this appeal that such proof was inadequate while the Commissioner contends that such proof was sufficient (Govt. Br. 15-29). Resolution of this dispute thus requires review of the decisional authorities concerning the mailing and receipt of some notice or letter.

The well-known "mailbox rule" was developed via the common law, and is simplistically stated as follows: to prove the mailing of some letter or document requires proof that the letter or document was created, it was inserted into an envelope that was properly addressed to the recipient, proper postage was affixed thereto and the same was deposited in the U.S. mails.[1] From such proof, a

---

[1] See *Reserve Insurance Co. v. Johnson*, 260 Iowa 740, 150 N.W.2d 632, 635 (1967)("we find the elements necessary to create a presumption of delivery of a communication through the mails are: '(1) The necessary evidence of the contents and execution of the paper; (2) that it was enclosed in a wrapper, or otherwise prepared for transmission through the mail; (3) there must be evidence of the correct post office address of the person to be charged with receiving it; (4) evidence that the package containing the document was properly addressed; (5) that postage was prepaid; and (6) that it was deposited in the mail for transmission."

presumption arises that the employees of the Postal Service performed their delegated duties and delivered that mail to the recipient.

But, what proof is need to rebut this presumption? This court answered that question in *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314 (3d Cir. 2014):

> "A 'strong presumption' of receipt applies when notice is sent by certified mail, because it creates actual evidence of delivery in the form of a receipt. *Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 279 (3d Cir.2007) (emphasis added). A 'weaker presumption' arises where delivery is sent via regular mail, for which no receipt, or other proof of delivery, is generated. Id. In the absence of actual proof of delivery, receipt can be proven circumstantially by introducing evidence of business practices or office customs pertaining to mail. *United States v. Hannigan*, 27 F.3d 890, 893 (3d Cir.1994). This evidence may be in the form of a sworn statement. Id. at 895; *Custer v. Murphy Oil USA Inc.*, 503 F.3d 415, 420 (5th Cir.2007) ('a sworn statement is credible evidence of mailing for the purposes of the mailbox rule.'). However, because the presumption is weak where proof of receipt is attempted solely by circumstantial evidence, we require the affiant to have 'personal knowledge' of the procedures in place at the time of the mailing. *Kyhn v. Shinseki*, 716 F.3d 572, 574 (Fed Cir.2013)," Id., at 319-20.

> "Accordingly, under Rule 301, Lupyan's contention that she had no notice that her leave was subject to the limitations of the FMLA because she never received CCI's Letter, sufficiently burst the mailbox rule's presumption, to require a jury to determine the credibility of her testimony, as well as that of CCI's witnesses," Id., at 321.

Other federal appellate court agree that the mailbox rule's presumption is rebutted when the addressee denies receipt of the letter.[2] See *Barrs v. Lockheed*

---

[2] It is difficulty to prove a negative. See *Elkins v. United States*, 364 U.S. 206, 218, 80 S.Ct. 1437 (1960)("as a practical matter it is never easy to prove a negative"); *Flores v. United States*, 551 F.2d 1169, 1175 (9thCir. 1977); and *Turner v. CIR*, 812 F.2d 650, 652 fn 3 (11th Cir. 1987)("a taxpayer should not bear the burden of proving

*Martin Corp.*, 287 F.3d 202, 210 (1st Cir. 2002)("And, if Versak's testimony is accepted, it overcomes the rebuttable presumption that the properly mailed document was actually received."); *In re Yoder Co.*, 758 F.2d 1114, 1118 (6th Cir. 1985) ("Testimony of non-receipt, standing alone, would be sufficient to support a finding of non-receipt; such testimony is therefore sufficient to rebut the presumption of receipt."); *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir.1995)("Courts have formulated the presumption so as to hold it rebutted upon a specific factual denial of receipt."); *Witt v. Roadway Express*, 136 F.3d 1424, 1430 (10th Cir.1998) ("Because the presumption is rebuttable, however, evidence denying receipt creates a credibility issue that must be resolved by the trier of fact."); *Konst v. Florida East Coast Railway Co.*, 71 F.3d 850, 851 fn 1 (11th Cir. 1996); and *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1239 (11th Cir. 2002)("the presumption of receipt is 'not a conclusive presumption of law, but a mere inference of fact, founded on the probability that the officers of the government will do their duty and the usual course of business; and, when it is opposed by evidence that the letters never were received, must be weighed with all the other circumstances of the case . . . in determining the question whether the letters were actually received or not.'").

Evidence from which the mailbox rule's presumption arises depends on the

_____

a negative").

type of mail that is used to send the letter. Evidence sufficient to create the mailbox rule essentially consists of two parts: (1) evidence regarding the letter being created, and (2) evidence regarding the act of mailing itself. If regular mail is used, a witness simply testifies that a letter was typed, placed into a properly addressed and stamped envelope and then that letter was deposited into the U.S. mails. If certified mail is used, testimony from some witness would be similar to the following: "I typed this letter and placed it in an envelope with the correct mailing address. I then went to the Post Office and at the counter had a postal employee fill out, sign and stamp the Form 3800," and this proof shows that this one letter was actually delivered to the possession of the Post Office. But if a number of letters is being sent via certified mail, that testimony would be similar to the following: "I typed all of these letters and placed them in properly addressed envelopes, and then carried all of them to the Post Office. There, I filled out the standard form 3877, on which I listed each piece of mail, and inserted the certified mail number for each piece in the place indicated.  I then gave all of these letters to a postal employee, who  compared each piece of mail I listed on the form 3877 with each envelope, inserted on the form the number of letters received, and then he stamped and signed the form."

Here in Clarkson's case, the IRS produced copies of the notices of deficiencies it claims were mailed. The certified mail numbers listed on the first page of these notices also appear on the substitute Forms 3877 (Appx. 164-171). However, each of

the forms required that the "Total No. of Pieces Received at P.O." be inserted on each page, but that space is blank on each form. Further, the forms also required a signature of some IRS employee to appear under the typed words, "Notices Listed Hereon Were Issued By:", but there is no signature on any of these forms.

The IRS created these substitute Forms 3877 and obviously uses them frequently. The IRS wants to know who prepared the notices of deficiencies for obvious reasons, and this is the reason that a line appears on the form for the signature of that IRS employee. But more importantly, both the official Form 3877 and this substitute IRS form have a place thereon where the postal employee notes the actual receipt of each piece of certified mail: every page of the form requires that a number be placed on the line below the words "Total No. of Pieces Received at P.O." Without this number, proof of actual delivery of any piece of mail is unknown.

The Tax Court has developed a rule addressing precisely when the mailbox rule's presumption comes into play, and that is when the Form 3877 is properly completed. In *Meyer v. CIR*, T.C. Memo. 2013-268, the court found the form deficient and concluded that the presumption arising from the mailbox rule does not arise in such a situation:

> "The Form 3877 in this case reads 'statutory notices of deficiency for the year(s) indicated have been sent to the following taxpayers,' and lists Meyer's name and address, followed by an article number and the phrase 'postage fees paid by IRS 2000.' The address listed on the Form 3877 was (and remains) Meyer's correct address. At the bottom right of the Form 3877, there are two

separate items that contemplate completion of additional information: One is a space for the USPS receiving employee to sign his name and the date; another is a space labeled 'notices listed hereon were issued by:'. The only mark near those two items is a rectangular stamp which reads 'IRS OGDEN UT USPS 84201' at the top, shows an illegible signature at the bottom, and the date April 2, 2003 in the middle. Additionally, although the Form 3877 indicates that the IRS was sending 12 pieces of certified mail, **the space in which the USPS should have marked the number of pieces it received is blank**," Id., at 6. [emphasis added]

"The Form 3877 is central to this case. Although the Appeals officer did not review any evidence concerning how the Commissioner's personnel prepared and mailed notices of deficiency in this case, our caselaw has explained the general procedures. IRS employees who mail notices of deficiency are supposed to prepare a postal service Form 3877 (a certified mailing list) that lists all of the notices of deficiency mailed on a particular date. See *Coleman v. Commissioner*, 94 T.C. 82, 88 (1990). The IRS worker then is supposed to hand deliver the form and sealed envelopes containing the notices to the post office. See id. The postal worker is then supposed to enter the number of envelopes on the bottom of the form, initial the form, and stamp it with a postmark," Id., at 17.

"Even assuming that this stamp is an official USPS postmark and includes a signature of the postal employee who received the notices, other red flags are fluttering. The Form 3877 also requires a signature of the person who issued the notices. Assuming the signature was that of the postal office employee who received the notices, no separate signature from the person who issued the notices was present here. Additionally, even though the Form 3877 indicated that the IRS was sending 12 pieces of certified mail, the space in which the USPS should have marked the number of pieces it received to confirm that fact is blank. See, e.g., USPS Registered Mail Handbook DM-901, at 3-4.2.1 (Sept. 2004), available at http://www.nalc.org/depart/cau/pdf/manuals/dm901.pdf (instructing USPS employee to enter total pieces received to properly complete a Form 3877); see also IRM pt. 4.14.1.9.3(2) (July 21, 2000) (USPS employee will verify number of notices before completing Form 3877). The Appeals officer did find that the Form 3877 was 'stamped by the Postal Service,' but did not discuss any of the other missing items. By relying only on the Form 3877 to verify that the IRS properly mailed the notice of deficiency, the Appeals officer implicitly found that it was properly completed. And that

finding borders on being clearly erroneous. We don't think that the Appeals officer could have relied on that form alone to verify that the notice of deficiency was properly sent. See *Coleman*, 94 T.C. at 91 ('[A] defective Form 3877 corroborated by other documentary evidence does not entitle respondent to the presumption of official regularity')," Id., at 24-25.

See also *Wheat v. CIR*, T.C. Memo. 1992-268; *Koerner v. CIR*, T.C. Memo. 1997-144 (a Form 3877 does not by itself establish that the Commissioner mailed a notice of deficiency); *Butti v. CIR*, T.C. Memo. 2008-82; *Barnes v. CIR*, T.C.Memo 2010-30; and *Galluzo v. CIR*, T.C. Memo. 2013-136, affirmed 564 F. App'x 656 (3d Cir. 2014).

To prove in this case the actual mailing of all of the notices of deficiencies to Clarkson, each of the substitute IRS Forms 3877 needed to show that each of these notices was placed into the possession of the U.S. Postal Service. Each of these forms had a place for inserting a number under the words, "Pieces Listed By Sender," which in this case is redacted for reasons that the Commissioner has not explained in this appeal. But furthermore, the place on these forms where the Postal Service indicates exactly how many pieces of mail listed on a page of the Form 3877 it actually received has been left blank, and thus it is unknown whether any of the notices of deficiencies addressed to Clarkson was actually received by the Postal Service.

The clearly established rule followed in the Tax Court is that an incomplete Form 3877 fails to invoke the mailbox rule, a rule that should be followed here.

The Commissioner's argument thus has no merit, according to authority from

his own court.

**ISSUE 2: Did the Tax Court plainly err in considering in its judgment the declaration of Thomas Deamus and the exhibits attached thereto?**

For reply to this issue, the Commissioner argues that Mr. Deamus properly authenticated the exhibits attached to his declaration, which were clearly business records that were self-authenticating (Govt. Br. at 29-34), and further that the Tax Court did not plainly err by considering the exhibits attached to his declaration (Govt. Br. at 35-37). This argument has no merit.

The Internal Revenue Manual ("IRM") contains provisions regarding a wide variety of matters, and it includes instructions governing the activities of its "in-house" counsel,[3] the lawyers in the Chief Counsel's Office. See IRM Part 35.[4] When a lawyer representing the Commissioner in Tax Court desires to file a motion for summary judgment, IRM 35.11.1, titled "Litigation Exhibits," provides examples of the affidavits that are to be submitted to support such a motion:

"AFFIDAVIT OF [NAME OF ATTORNEY]
"State of [name of State], to wit:
"I, [name], being duly sworn, depose and state under oath that:

---

[3] Being an "in-house" counsel can create problems regarding what information is within the scope of the attorney-client privilege. See *Upjohn Co. v. United States*, 449 U.S. 383, 101 S. Ct. 677 (1981). Matters not within the attorney-client privilege are discoverable.

[4] See:   https://www.irs.gov/irm/part35/

"1. I am an attorney admitted to practice before the United States Tax Court and this case has been assigned to me.

"2. I am competent to testify as to formal matters involved in this case because the Commissioner's administrative file has come into my custody and control in connection with the defense of this matter."[5]

When the Commissioner moved to dismiss Clarkson's petition, his "in-house" counsel, Thomas Deamus, submitted a similar declaration in support thereof (Appx. 29), which followed the format for affidavits contained in the above noted provision of the IRM:

"I, THOMAS A. DEAMUS, declare as follows:

"1. I am an attorney employed by the Office of Chief Counsel, Internal Revenue Service.

"2. In my capacity as the attorney to whom the above case is assigned, I am in possession of respondent's files in this case, which consist of the following:"

Apparently, the authority for the above noted provisions in the IRM and for this procedure of submitting evidence in a case via an affidavit from the Commissioner's counsel is based on *Jarvis v. CIR*, 78 T.C. 646, 1982 U.S. Tax Ct. LEXIS 108, where the court approved the use of affidavit in this manner:

"Therefore, where respondent's attorney is simply attesting to the custody of the administrative file and the authenticity of a copy of a document contained therein, merely formal matters, there is no violation of this Court's Rules of Practice and Procedure or the Federal Rules of Civil Procedure."

---

[5] See: https://www.irs.gov/irm/part35/irm_35-011-001.html#d0e4347

9

The court in *Jarvis* relied upon and cited a large number of the cases also cited by Clarkson in his opening brief that holds otherwise. See Clarkson's opening brief at 19-23. And surely the Tax Court's view in this respect plainly conflicts with the decision in *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970), where that court held that the "fact that the affiant is employed by the Army and that the document was supposedly signed by someone who is also in the Army is patently insufficient to provide him with the necessary personal knowledge to authenticate it." And it conflicts with *Chambers v. United States*, 357 F.2d 224, 228 (8th Cir. 1966)("The statement of the Assistant United States Attorney, based as it is upon information provided by others, obviously does not comply with Rule 56(e) and does not constitute admissible evidence."). See also *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987).

The Tax Court Rules of Practice and Procedure contain several relevant provisions related to motions to dismiss. Rule 53, titled "Motion To Dismiss," simply states that "[a] case may be dismissed for cause upon motion of a party or upon the Court's initiative." This rule is silent about and simply does not govern the substantive manner by which such a motion is to be filed and supported.  But, Tax Court Rule 40 provides:

> "Every defense, in law or fact, to a claim for relief in any pleading shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be

made by motion: (a) Lack of jurisdiction, and (b) failure to state a claim upon which relief can be granted. If a pleading sets forth a claim for relief to which the adverse party is not required to file a responsive pleading, then such party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting failure to state a claim on which relief can be granted, matters outside the pleading are to be presented, then the motion shall be treated as one for summary judgment and disposed of as provided in Rule 121, and the parties shall be given an opportunity to present all material made pertinent to a motion under Rule 121."

And Tax Court Rule 121(d) mandates that all such "affidavits or declarations shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant or declarant is competent to testify to the matters stated therein."

A motion to dismiss is based on the pleadings in a case, and not matters outside thereof. The Tax Court appears to require that when matters outside of the pleadings are used to support such a motion, it must be converted to a motion for summary judgment. This is the clear import of *Mudd v. CIR*, T.C. Memo 2002-204, 2002 Tax Ct. Memo LEXIS 210, where that court held:

"This matter is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 40. Because respondent has presented matters outside of the pleadings, we treat respondent's motion as a motion for summary judgment pursuant to Rule 121."

The Federal Rules of Civil Procedure require the conversion of a motion to dismiss to a summary judgment motion if evidence dehors the record is presented in

support thereof.[6] "The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). When considering a motion to dismiss, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. * * * However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re 15 Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Here, Clarkson's Tax Court petition denied the existence of notices of deficiencies allegedly sent to him and that petition was obviously not based on the various exhibits attached to the Deamus declaration. The Commissioner's motion to dismiss was really a motion to dismiss for failure to state a claim, and Deamus obviously thought as much, and this was the reason that he submitted his declaration with exhibits attached thereto that Clarkson had never seen and which certainly were

---

[6] F.R.Civ.P. 12(d) provides: "(d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

NOT the basis for his petition.  Since this procedure that Deamus was invoking was really based on Tax Court Rule 40 and was presenting evidence outside the record, it was incumbent on the Tax Court to treat that motion as one for summary judgment, which requires the submission of affidavits based on personal knowledge, which Deamus lacked.

But, why does the Tax Court routinely permit counsel for the Commissioner to offer evidence in support of a motion he files? How can a lawyer for a party in litigation also be a witness in a case in which he is counsel concerning a contested matter? Is this even an ethical procedure?[7]

There are many federal government agencies that have some administrative process for dealing with the American public: these agencies include the Securities and Exchange Commission, the Food and Drug Administration, the Department of Commerce, the Department of Health and Human Services, the Department of Labor, Homeland Security, Immigration and Customs Enforcement, the Occupational Safety

---

[7] See the ABA's Model Rules of Professional Conduct, Rule 3.7, Lawyer As Witness:
> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

and Health Administration, the Social Security Administration, the Transportation Security Administration, the Department of Agriculture, and the Veterans Benefits Administration. These agencies have lawyers working for them who are really "in-house" counsel for the agencies. Many of these agencies have an administrative court system and administrative hearings where evidence is presented. While the undersigned has never dealt with most of these agencies, it is surmised that they don't routinely encounter cases where their "in-house" lawyers cease being counsel for a party and step into the role of witness (which might very well be unethical).

The Tax Court's practice of allowing the Commissioner's lawyers to submit evidence in one of their own cases regarding a contested matter should not become the routine for other agencies. Imagine in a criminal trial an Assistant U.S. Attorney being the witness offering relevant public records for the case being tried. Such a procedure would deprive the defense of the constitutional right of cross-examination and most likely would shield such records from exposure regarding how and the manner by which such records were created. Clarkson suggests that such a procedure would be unconstitutional. In any event, it should not be recognized as a valid procedure here.

In summary, public records should not be offered in any civil or criminal case in the manner which happened in Clarkson's case. The process alone was prejudicial to Clarkson and rightfully the subject of plain error review.

14

## CONCLUSION

For the reasons noted above, the decision of the Tax Court must be vacated.

Respectfully submitted this the 2nd day of September, 2016.

/s/ *Lowell H. Becraft, Jr.*

Lowell H. Becraft, Jr.
Attorney for Appellant Clarkson
403-C Andrew Jackson Way
Huntsville, AL 35801
256-533-2535
becraft@hiwaay.net

Certificate of Bar Membership

The undersigned is a member of the Bar of this Court, having been admitted

on October 7, 1993.

/s/ *Lowell H. Becraft, Jr.*

Lowell H. Becraft, Jr.

CERTIFICATE OF COMPLIANCE

Pursuant to Fed.R.App.P. 32(a)(7)(C), I certify, based on the word-counting function of my word processing system (WordPerfect, Version 11), that this brief complies with the type-volume limitations of Fed.R.App.P. 32(a)(7)(B):

1.    Exclusive of the exempted portions specified in Fed.R.App.P. 32(a)(7)(B)(iii), this brief contains fewer than 7,000 words, to wit, 4135 words;

2. The brief has been prepared in a proportional spaced format using Times New Roman type (14 point type).

3. The undersigned has also scanned this brief (as well as all other pleadings filed in this appeal) with a commercial anti-virus program, AVG, and have detected no virus.

4. The undersigned further certifies that this reply brief as well as Clarkson's opening brief filed electronically with the Court is in PDF searchable format, and that the text of the PDF copy of both the opening brief as well as this reply brief is identical to the text of the paper copy.


/s/ *Lowell H. Becraft, Jr.*

Lowell H. Becraft, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2016, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system and that 10 papers copies were sent to the Clerk by First Class Mail. Counsel for the appellee was served electronically by the Notice of Docket Activity transmitted by the CM/ECF system.

Dated this the 2nd day of September, 2016.

/s/ *Lowell H. Becraft, Jr.*

Lowell H. Becraft, Jr.